**Carl Thomas ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1060–84.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 17, 1986.

Ian Inglis, Austin, for appellant.

Jeffrey L. VanHorn, Dist. Atty., and Todd A. Blomerth, Asst. Dist. Atty., Lockhart, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant pleaded guilty to the offense of delivering less than 28 grams of lysergic acid diethylamide (LSD) and was sentenced, by a jury, to ten years' incarceration in the Texas Department of Corrections.

On direct appeal appellant alleged that numerous errors concerning information about the law of probation occurred throughout the trial and in the jury charge and that these errors denied him a fair trial. Further, as none of the errors were objected to, appellant alleged that he was denied effective assistance of counsel.

The Austin Court of Appeals, in an unpublished opinion, affirmed appellant's conviction holding that the errors did not deny

appellant a fair trial, and that appellant was not denied effective assistance of counsel because it was not clear that there was a reasonable possibility that appellant's counsel's failure to object affected the outcome of the trial. *Ellis v. State,* No. 3–83–176–CR (delivered September 12, 1984). We granted appellant's petition for discretionary review to determine if repeated, unobjected to errors in the charge and during the trial covering the conditions that could be imposed on a probationer denied appellant a fair trial; or, in the alternative, whether appellant's counsel's failure to object to such errors constituted ineffective assistance.

Errors contained in the jury charge require analysis under the standards established in *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985). Since no objection was made to the jury charge appellant must demonstrate that any errors found therein were so egregious as to deprive him of a fair trial.

The jury charge in the instant case contains the following provision:

The conditions of probation which this Court may impose *shall be limited to,* but not necessarily include, all of the following:

(1) that he commit no offense against the laws of this state or any other state or of the United States;

(2) that he avoid injurious or vicious habits;

(3) that he avoid persons or places of disreputable or harmful character;

(4) that he report to the probation officer as directed;

(5) that he permit the probation officer to visit him at his home or elsewhere;

(6) that he work faithfully at suitable employment as far as possible;

(7) that he remain within a specified place;

(8) that he pay his fine, if one be assessed, and all court costs, whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine; and

(9) that he support his dependents.

(Emphasis added)

This portion of the jury charge contains two very significant errors. The first is an error of omission. Appellant's trial took place on March 7, 1983. At the time of trial Art. 42.12, § 6, V.A.C.C.P., contained five possible conditions of probation not included in the instant jury charge:

(1) participate in any community-based program

(2) reimburse the county in which the prosecution was instituted for compensation paid to appointed counsel for defending him in the case, if counsel was appointed, or if he was represented by a county paid public defender, in an amount that would have been paid to an appointed attorney had the county not had a public defender;

(3) remain under custodial supervision in a community based facility, obey all the rules and regulations of such facility and pay a percentage of his income to the facility for room and board;

(4) pay a percentage of his income to his dependents for their support while under custodial supervision in a community based facility; and

(5) pay a percentage of his income to the victim of the offense, if any, to compensate the victim for any property damage or medical expenses sustained by the victim as a direct result of the commission of the offense.

We recognize that because appellant had retained counsel, no dependents, and his offense can be described as "victimless," three of the omitted conditions have no application in the instant case. However, the remaining conditions dealing with community based programs and custodial supervision are very relevant to appellant as a first-time drug offender.

The second error in the jury charge is that the probation conditions provision states that the judge is limited to the listed conditions. While this proposition was contained in Art. 42.12, § 3, V.A.C.C.P., it was deleted in 1981 by the 67th Legislature.

The intent of the Legislature was to reverse the existing statutory law and allow a trial judge the discretion to assess special conditions of probation in addition to those found in the statute.[1]

In order to determine the degree of harm resulting to appellant we must view the errors in light of the entire record. See *Almanza*, supra at 174. An examination of the record reveals that the errors found in the jury charge were compounded by other errors regarding the proper conditions of probation occurring throughout the trial.

On direct examination Leo Rizzuto, Chief Probation Officer of Caldwell County, testified that the judge was not limited to statutory conditions and was freely empowered to tailor other special conditions to appellant's situation. Rizzuto stated that it was possible to require appellant to undergo periodic urinalysis in order to determine whether he was using narcotics. Appellant could also be placed under community restitution which would require him to work in a hospital or other facility directly with drug cases. And finally, there were several named community outreach programs which appellant could be required to attend. However, on cross-examination, Rizzuto stated that the judge was limited to the statutory conditions and therefore, none of the above-proposed conditions could be validly imposed on appellant. As we have already pointed out the judge was under no such limitation and was perfectly free to create such conditions.

Further, the prosecutor argued throughout the trial and during closing argument that several of the statutory conditions, i.e., that the probationer obey all orders of the court and the probation officer, that the probationer avoid injurious or vicious habits, and that the probationer avoid persons or places of disreputable or harmful character, had been held by this Court to be too vague to be enforceable. This proposition is directly contrary to our holding in *Flores*

*v. State*, 513 S.W.2d 66 (Tex.Cr.App.1974), wherein the Court held that the trial judge could "flesh out" the statutory wording of probation conditions in order to give them specificity and certainty.

Finally, during closing argument both attorneys referred to the conditions listed in the jury charge as the only possible conditions that could be imposed on appellant.

The evidence presented by appellant included several facts that would be favorable in seeking a recommendation of probation. Appellant was a twenty-three year old first time felony offender. He was gainfully employed in a well paying job and had earned the respect and admiration of several co-workers and employees. Appellant was also an active member of his church and several church organizations.

Appellant's entire trial strategy involved pleading guilty and seeking a recommendation of probation from the jury, and appellant seemed to be a good candidate for probation. Therefore, in light of the closely contested issue of probation and the erroneous information given the jury by the Chief Probation Officer, the error in the charge to the jury concerning the law of probation was such as to deny appellant a fair trial. *Almanza*, supra.

Accordingly, we reverse the judgment of the Court of Appeals and remand the cause to the trial court for new trial.

TEAGUE, J., concurs in the result.

ONION, P.J., dissents.

---

1. This intent was clearly expressed in the caption to the amending act which reads in part; ... and to the authority of a judge to add special conditions to probation in cases where the jury has granted probation.