IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-629-CR




CHARLES HARRISON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0915635, HONORABLE LARRY FULLER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child. (1) Through
testimony and argument at the punishment stage, appellant unsuccessfully sought to persuade the
jury to recommend probation. Instead, the jury assessed punishment at imprisonment for twenty
years. In three of his four points of error, appellant complains of errors that he believes gave the
jury an inaccurate picture of probation and prejudiced his opportunity for a favorable
recommendation. In his fourth point of error, appellant urges that his attorney at trial was
ineffective for failing to object to these errors. 

 In point of error one, appellant complains that the district court fundamentally erred
by failing to inform the jury of the full range of sanctions that may be imposed as conditions of
probation and of the programs that are available for the rehabilitation of probationers. (2) Appellant
contends the charge was defective because it did not include the statutory definition of
"probation." (3) He also urges that the jury should have been instructed that the possible conditions
of probation included incarceration, (4) special restrictions on and counseling for sex offenders, (5) and
community service. (6) Because appellant did not object to the charge, the question presented is
whether these omissions, if error, were so egregious as to deny appellant a fair trial. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on motion for rehearing).

 The Court of Criminal Appeals has held that the failure to enumerate in the
punishment charge all of the conditions of probation that the court may impose if probation is
recommended is not harmful to the accused. Henderson v. State, 617 S.W.2d 697, 700 (Tex.
Crim. App. 1981); Flores v. State, 513 S.W.2d 66, 69 (Tex. Crim. App. 1974); see Murphy v.
State, 777 S.W.2d 44, 66 (Tex. Crim. App. 1989) (opinion on motion for rehearing) ("law still
is that a trial court need not inform the jury of any condition of probation"). The court has
characterized as "correct" a holding that the trial court need not list the statutory conditions of
probation even if asked to do so by the defendant. Yarbrough v. State, 779 S.W.2d 844, 845
(Tex. Crim. App. 1989), affirming 742 S.W.2d 62, 64 (Tex. App.--Dallas 1987), overruling Brass
v. State, 643 S.W.2d 443, 444 (Tex. App.--Houston [14th Dist.] 1982, pet. ref'd). 

 While the opinions cited in the preceding paragraph appear to dispose of appellant's
point of error, we must also consider the opinion in Ellis v. State, 723 S.W.2d 671 (Tex. Crim.
App. 1986). In Ellis, the trial court's jury charge included a partial listing of the statutory
conditions of probation and incorrectly stated that the enumerated conditions were exclusive. The
latter error was compounded by a probation officer's testimony that courts could not impose
nonstatutory conditions and by jury argument to the effect that the court could impose only the
conditions enumerated in the charge. Furthermore, the prosecutor erroneously told the jury
during his argument that several of the conditions of probation mentioned in the charge had been
held to be unenforceable by the Court of Criminal Appeals. The court concluded that, "in light
of the closely contested issue of probation and the erroneous information given the jury," the
errors in the charge with regard to the law of probation denied the defendant a fair trial and
required reversal even in the absence of an objection. Id. at 673. We believe that Ellis is
distinguishable because the jury below was not given erroneous information regarding the
conditions of probation.

 As evidence of harm in this cause, appellant draws our attention to notes from the
jury asking, "If we recommend probation, can we also recommend terms of probation such as
counselling, not being allowed to work with children, community service?" (7) and "Can we sentence
the defendant to 8 years and probate 4 of it?" (8) Appellant also cites the prosecutor's argument that
the conditions of probation enumerated in the charge did not constitute adequate punishment for
the sexual assault of a child. (9) Appellant concludes that in light of the jury's obvious interest in
probation, the district court's failure to fully inform the jury of the conditions that might be
attached to his probation caused him egregious harm.

 Assuming that the omissions of which appellant complains constitute charge error,
they were not so egregious as to deny appellant a fair trial. During cross-examination at the
punishment stage, appellant was asked if he was willing to admit his guilt in order to qualify for
sex offender counseling. This provoked an objection by defense counsel.


 MR. GATES: Your Honor, I guess I have to interject at this time that --
object and interject is that the conditions of probation are set by the Court and are
based on recommendations from probation and an investigation. And this is not
a condition that he would have to comply with unless the Court made it a condition
of probation.


 THE COURT: I guess the best way I can answer it, the statute provides
certain terms of probation, but the Court can add. It's not exclusive. The Court
can add other terms. Would that satisfy the explanation?


 MR. GATES: Yes.


 THE COURT: The Court can add different terms of probation and
counseling or whatever, community service.


 MR. GATES: That is not one of the standard terms of probation.


 THE COURT: Right. The statute sort of gives a certain set that are given
but says it's not exclusive, that the court can fit different things.


 MR. GATES: So I think the question is inappropriate until, in fact, that
condition of probation is assessed.


 THE COURT: I think that's true. It would have to be an assumption.


 MR. GARCIA [prosecutor]: It is, however -- I mean, as the Court is aware
in these kind of cases, offenders, you know, when given -- that is one of the
conditions of probation. Obviously it's -- the list is not a laundry list. It's not
exclusive. I mean, I'll stop here.


 THE COURT: I think you'd better stop because often district attorneys
make certain recommendations and often probation officers make
recommendations, and the Court's not bound by either one.



Later, during his argument to the jury, defense counsel referred to the list of probationary
conditions included in the charge and stated, "The Judge can then add more things to this list." 
And as previously noted, the charge in this cause correctly instructed the jury that the enumerated
probationary conditions were not exclusive. Because the jury was informed that there was no
mandatory or exclusive list of conditions, the district court's failure to include in its punishment
charge every statutory condition that it might impose was not fundamental error. Point of error
one is overruled.

 Point of error two complains of the district court's response to a question from the
jury. During its deliberations, the jury sent the court a note asking, "[D]oes probation mean no
prison time?" The court answered, "Yes, unless he violates his terms of probation at which time
the trial judge has authority to sentence him up to the original prison sentence that was probated." 
Appellant asserts that the court's response was erroneous because the court was authorized to
order appellant's incarceration as a condition of probation.

 As a condition of probation, the court was authorized to require appellant to serve
a period of incarceration in the county jail. (10) The jury asked if appellant would be sent to prison
if granted probation. The district court's answer was correct. Point of error two is overruled.

 In point of error three, appellant contends the district court's charge was
fundamentally erroneous because it told the jury that two of the conditions that might be attached
to appellant's probation were that he submit to testing for controlled substances and that he attend
substance abuse counseling. Appellant argues that this implicitly instructed the jury that appellant
was a drug abuser. Appellant cites no evidence or authority in support of this argument. In the
absence of any evidence that the jury drew the prejudicial inference, we conclude that the error,
if any, was not egregious. The third point of error is overruled.

 There is another reason why we believe appellant's first three points of error are
without merit. The jury was properly instructed that it could recommend probation only if the
punishment it assessed did not exceed imprisonment for ten years. (11) The jury assessed a
punishment of imprisonment for twenty years. We find it unlikely that, but for the "errors" in
the charge discussed above, the jury would have halved the term of imprisonment and
recommended probation. Because the punishment assessed exceeded that for which probation was
possible, any errors in the charge regarding the possible conditions of probation were harmless.

 Finally, appellant urges that his attorney at trial was ineffective because he did not
object to the alleged errors discussed above. The test for effectiveness of counsel at the guilt stage
of a noncapital trial is whether counsel was reasonably likely to render and rendered effective
assistance. Ex parte Craig, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992); Ex parte Cruz, 739
S.W.2d 53, 57-58 (Tex. Crim. App. 1987). Under this standard, the accused is not entitled to
errorless counsel and the effectiveness of counsel is not to be judged by hindsight. Cruz, 739
S.W.2d at 58. Counsel's representation is considered in its totality. Id.

 Appellant complains of counsel's failure to object to what appellant perceives to
be errors in the court's punishment charge with respect to the conditions of probation. As we
have already discussed, it is not at all clear that the punishment charge was erroneous in the
manner urged by appellant. See Yarbrough, 779 S.W.2d at 845; Murphy, 777 S.W.2d at 66;
Henderson, 617 S.W.2d at 700; Flores, 513 S.W.2d at 69. Considering the record as a whole,
we believe that counsel's failure to request additional instructions (point of error one) and his
failure to object to certain of the instructions given (point of error three) did not render counsel's
performance as a whole ineffective. Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 11, 1995

Do Not Publish

1. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275,
amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80
(Tex. Penal Code Ann. § 22.021, since amended). 
2. The punishment charge advised the jury of the circumstances under which it could
recommend probation and noted that "[t]he terms and conditions of probation may include,
but shall not be limited to," the conditions that the defendant: commit no offense, avoid
injurious habits, avoid disreputable persons and places, report to his probation officer,
permit visits by his probation officer, work at suitable employment, remain within a specified
place, pay his fine, support his dependents, participate in a community service work
program, reimburse the county for the cost of appointed counsel, pay a percentage of his
income to the victim, submit to testing for controlled substances, and attend counseling for
substance abusers. Act of May 26, 1991, 72d Leg., R.S., ch. 572, § 2, 1991 Tex. Gen. Laws
2028, 2030-31 (Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a), since amended).
3. Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3498
(Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2), since amended).
4. Act of May 27, 1991, 72d Leg., R.S., ch. 555, § 3, 1991 Tex. Gen. Laws 1968, 1969
(Tex. Code Crim. Proc. Ann. art. 42.12, § 12, since amended).
5. Tex. Code Crim. Proc. Ann. art. 42.12, § 14(a), (b) (West Supp. 1994).
6. Act of June 7, 1990, 71st Leg., 6th C.S., ch. 25, § 9, 1990 Tex. Gen. Laws 108, 110 (Tex.
Code Crim. Proc. Ann. art. 42.12, § 17(a), since amended and renumbered as § 16(a)).
7. The district court answered this question by telling the jury that its recommendation of
probation was binding on the court, but that "suggestions as to terms of probation . . . would be
advisory only."
8. The court's answer was "No."
9. The prosecutor stated, "And the title of this thing tells you `Charge on Punishment.' And
none of these probation deals are punishment."
10. Act of May 27, 1991, 72d Leg., R.S., ch. 555, § 3, 1991 Tex. Gen. Laws 1968, 1969
(Tex. Code Crim. Proc. Ann. art. 42.12, § 12, since amended).
11. Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3499
(Tex. Code Crim. Proc. Ann. art. 42.12, § 4, since amended).