COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-258-CR
 
JOEY LEONARD BARKER           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
         
STATE
------------
FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Joey Leonard Barker appeals from
his conviction for sexual assault. Appellant pled guilty to the charge and not
true to an enhancement paragraph. The jury found Appellant guilty, found the
enhancement paragraph to be true, and assessed his punishment as twelve years'
confinement in the penitentiary. In four issues on appeal, Appellant contends
that the trial court erred in failing to declare a mistrial after improper jury
argument and failing to include a requested instruction in the charge. Further,
he claims the punishment the jury assessed is excessive. We affirm.
When J.H. was five years old, Appellant
began a romantic relationship with Kathy Keeter, J.H.'s mother. Appellant moved
in with Keeter and J.H., then moved out three months later. After moving out,
Appellant encountered trouble with the law. He pled guilty to forgery in 1992
and was put on probation. He later burglarized a building. As a result, his
probation for forgery was revoked and he was sentenced to six years'
incarceration in TDCJ.
In 1998, after Appellant had completed his
six-year sentence, he returned to Hood County, where he encountered Keeter at a
Wal-Mart store. When Keeter mentioned J.H., Appellant asked to see her, and
Keeter arranged a meeting. Several days after Appellant's reunion with J.H., he
took her to the movies. One evening, at Keeter's request, Appellant chaperoned a
sixteenth birthday party for J.H. while Keeter was at work.
After the birthday party, Appellant
developed a romantic and sexual relationship with J.H. Appellant asked J.H.'s
mother and estranged father for their consent to marry her, but they refused.
J.H.'s father asked Appellant to wait until J.H. was eighteen years of age. In
December of 1999, Appellant called J.H.'s father and told him that J.H. was
pregnant. J.H.'s father contacted Child Protective Services, and Appellant was
subsequently charged with sexual assault.
Jury Argument
In his first issue, Appellant contends
that the trial court erred in failing to grant his request for a mistrial after
the State made improper jury arguments. To be permissible, the State's jury
argument must fall within one of the following four general areas: (1) summation
of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement. Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex.
Crim. App. 1973).
Appellant complains of three instances of
allegedly improper jury argument. The first instance actually involved a
question asked during cross-examination of Alan King, a friend of Appellant and
J.H., who testified on Appellant's behalf. The State asked, "And then
[Appellant] goes to the penitentiary, correct?" and King answered
"Yes." The State then asked, "In fact, he did a six-year
sentence?" Appellant's counsel objected, but did not obtain an express
ruling on the objection. After a bench conference, Appellant's counsel asked
that the jury be instructed to disregard "the last question," and that
a mistrial be declared, and the court overruled both requests. Appellant
contends that these two questions created an impression that Appellant had
served time in the penitentiary when, in fact, he had not.(2)
To preserve a complaint about improper
jury argument, the defendant must: (1) object; (2) request an instruction to
disregard; and (3) move for mistrial. Helleson v. State, 5 S.W.3d 393,
396 (Tex. App.--Fort Worth 1999, pet. ref'd) (citing Harris v. State,
784 S.W.2d 5, 12 n.4 (Tex. Crim. App. 1989), cert. denied, 494 U.S.
1090 (1990)). The objection must be timely and specific, and the defendant must
pursue the objection to an adverse ruling. Mathis v. State, 67 S.W.3d
918, 927 (Tex. Crim. App. 2002); Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997); Carter
v. State, 614 S.W.2d 821, 823 (Tex. Crim. App. [Panel Op.] 1981); see
also Tex. R. App. P. 33.1(a)(1). Likewise, a defendant must pursue an
objection to alleged improper questions to an adverse ruling. See Darty v.
State, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986).
We disagree with the State's argument that
Appellant did not obtain a ruling on his objection and, therefore, did not
preserve error as to this question. See Mathis, 67 S.W.3d at 927. We
hold that the trial court's refusal to instruct the jury to disregard the
question was an implicit overruling of Appellant's objection to the question. See
Tex. R. App. P. 33.1(a)(2)(A). Thus, Appellant preserved error. The trial court
did not err however, because the question was not improper. State's Exhibit 1,
the penitentiary packet, indicates that Appellant was sentenced to six years'
confinement in TDCJ. The record reflects that King believed that Appellant had
served time in the penitentiary. Thus, the question was based on a reasonable
deduction from the evidence. Further, if Appellant never went to the
penitentiary and paroled out of county jail, any prejudice resulting from the
State's question to King was obviated when Appellant testified on direct and
cross-examination that he paroled out of county jail.
The second allegedly improper comment
occurred during cross-examination of Appellant. The State asked Appellant,
"Then you committed a burglary and got revoked?" Appellant's counsel
objected, asked the trial court to instruct the jury to disregard the question,
and asked for a mistrial. The trial court instructed the jury to disregard the
question. Again, we disagree with the State that Appellant failed to obtain a
ruling on his objection and failed to preserve error. The trial court implicitly
sustained the objection by instructing the jury to disregard. See id.
We generally presume the jury follows the
trial court's instructions to disregard evidence. See Waldo v. State,
746 S.W.2d 750, 752-53 (Tex. Crim. App. 1988). Other than referring to the
"irrationally harsh sentence" of twelve years' confinement out of a
possible ninety-nine years, Appellant neither cites any authority nor makes any
argument that rebuts the presumption that the jury followed the trial court's
instruction to disregard. Thus, the trial court did not err by denying
Appellant's request for a mistrial.
In addition, the question was not improper
because it was based upon a document in evidence as to Appellant's criminal
history at the punishment hearing. See Felder, 848 S.W.2d at 94-95.
State's Exhibit 1 indicates that Appellant was placed on probation, committed a
new offense of burglary of a building, was revoked, and sentenced to six years'
confinement.
The third occurrence of allegedly improper
jury argument was during closing argument, when the State discussed hearsay
statements allegedly made by J.H.'s mother, Keeter, who was never called as a
witness. In summation, the State made the following argument:

        
 You talk about the mother. She's in here. She's ill. She introduced the
 defendant to her daughter, and the evidence is not clear. She is either --
 she's either been duped by this defendant -- remember, she asked the defendant
 to chaperone, to watch over her child when he's making the moves on her at her
 16th birthday, or she has no sense of right and wrong, letting her
 ex-boyfriend who knew her child --

Appellant objected on the grounds of
hearsay, the court sustained his objection, and instructed the jury to
disregard.
We agree with the State that the
prosecutor's argument was not improper. The prosecutor's argument was a
summation of the evidence and a reasonable deduction from the evidence. The
evidence showed that Keeter was ill at the time of trial; that Keeter introduced
Appellant to J.H. when he returned to Hood County after finishing his six-year
sentence; and that Keeter asked Appellant to chaperone J.H.'s sixteenth birthday
party. Considering that Keeter had a romantic relationship with Appellant when
her daughter was only five years old, a reasonable person could make two
deductions from the evidence. First, one could deduct that Keeter had no
knowledge of Appellant's intentions and was tricked by Appellant. Alternatively,
one could deduct from the evidence that Keeter knew of Appellant's intentions
and approved of his conduct with her minor daughter. Though the prosecutor's
argument was proper, the trial court instructed the jury to disregard it. As
mentioned above, we generally presume the jury follows the trial court's
instructions. See Waldo, 746 S.W.2d at 752-53. Considering this
presumption, Appellant cannot show that he suffered unfair prejudice as a result
of the prosecutor's proper argument. The trial court, therefore, did not err in
refusing Appellant's request for a mistrial. We overrule Appellant's first
issue.
Jury Charge
In his second issue, Appellant contends that the trial court erred in failing
to include two specially-requested instructions in the jury charge. Appellant
requested that the charge include code of criminal procedure article 62.02(a)
through (g)(3), which would instruct the jury
that he would have to register as a sex offender in the sex offender registry,
and section 2.102 of the family code which provides that any person under the
age of eighteen must obtain parental consent before the county clerk will issue
a marriage license. Tex. Code Crim. Proc. Ann. art. 62.02(a)-(g); Tex. Fam.
Code. Ann. § 2.102(a) (Vernon 1998). Appellant requested these instructions so
that the jury would realize he was being adequately punished even if they gave
him probation. The trial court denied the request.
Appellate review of error in a jury charge involves a two-step process. Abdnor
v. State, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). Initially, we must
determine whether error occurred. If so, we must then evaluate whether
sufficient harm resulted from the error to require reversal. Id.
Ellis v. State, 723 S.W.2d 671
(Tex. Crim. App. 1986) and Yarbrough v. State, 779 S.W.2d 844 (Tex.
Crim. App. 1989), the only authority Appellant cites in support of his
contention that the trial court erred in denying his specially-requested
instructions, are either no longer the law or suggest that the trial court did
not err in denying Appellant's request. A trial court does not err by not
charging the jury as to all possible conditions of probation. Yarbrough, 779
S.W.2d at 845; see also Murdock v. State, 840 S.W.2d 558, 570
(Tex. App.--Texarkana 1992) (holding that if Ellis ever stood for the
proposition that a trial judge was required to include all of the statutory
terms of probation in the charge, it has since been overruled sub silentio),
rev'd on other grounds, 845 S.W.2d 915 (Tex. Crim. App. 1993).
We hold that sex offender registration is
a collateral matter to the issue of how long a sentence and how large a fine the
jury should impose. The law as it relates to the legal age of consent for
marriage is even less relevant in a punishment trial. The trial court did not
err in refusing to include these instructions in the charge. We overrule
Appellant's second issue.
Punishment
Appellant contends in his third and fourth
issues that the sentence imposed by the jury was unconstitutionally excessive
and constituted cruel and unusual punishment. He asserts that the trial court
therefore erred in failing to grant his motion for reconsideration or reduction
of sentence.
Appellant was convicted of sexual assault,
a second degree felony, which was enhanced to first degree because of his
previous convictions. See Tex. Penal Code Ann. § 22.011(f) (Vernon
2003). The punishment range for the offense of first degree sexual assault is
not less than five or more than ninety-nine years or life imprisonment. See
id. § 12.32(a). The jury sentenced Appellant to twelve years'
imprisonment.
Texas courts have traditionally held that,
as long as the punishment assessed is within the range prescribed by the
legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973). The jury's verdict of twelve years' confinement is on the low end of
the punishment range. Appellant offers no authority to support his contention
that his punishment was unconstitutionally excessive. We overrule his third
issue.
Appellant also cites no authority in
support of his contention that the trial court erred when it refused to
interfere with the jury's verdict and reconsider or reduce his sentence. Because
his punishment was within the range set by the statute, and the evidence showed
that Appellant was a twenty-nine-year-old ex-convict who had sexual relations
with a sixteen-year-old child he had once viewed as a daughter, the trial court
did not err in refusing to reduce his sentence. We overrule Appellant's fourth
issue.
Conclusion
Because we have overruled all of
Appellant's issues, we affirm the trial court's judgment.
 
           
           
           
           
           
DIXON W. HOLMAN
           
           
           
           
           
JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 3, 2003

1. See Tex. R. App. P. 47.4.
2. State's Exhibit 1 shows that in 1993, Appellant was
sentenced to six years' confinement in TDCJ. Appellant testified that he
"paroled out of jail" and never went to the penitentiary.
3. Appellant cites article 62.012(a) through (g) in his
brief. Because no such article exists, we interpret his referral to be to
article 62.02(a) through (g), which deals with registration of sex offenders. See
Tex. Code Crim. Proc. Ann. art. 62.02(a)-(g) (Vernon Supp. 2003).