barker v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-258-CR

JOEY LEONARD BARKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Appellant Joey Leonard Barker appeals from his conviction for sexual assault.  Appellant pled guilty to the charge and not true to an enhancement paragraph.  The jury found Appellant guilty, found the enhancement paragraph to be true, and assessed his punishment as twelve years’ confinement in the penitentiary.  In four issues on appeal, Appellant contends that the trial court erred in failing to declare a mistrial after improper jury argument and failing to include a requested instruction in the charge.  Further, he claims the punishment the jury assessed is excessive.  We affirm.

When J.H. was five years old, Appellant began a romantic relationship with Kathy Keeter, J.H.’s mother.  Appellant moved in with Keeter and J.H., then moved out three months later.  After moving out, Appellant encountered trouble with the law.  He pled guilty to forgery in 1992 and was put on probation.  He later burglarized a building.  As a result, his probation for forgery was revoked and he was sentenced to six years’ incarceration in TDCJ.

In 1998, after Appellant had completed his six-year sentence, he returned to Hood County, where he encountered Keeter at a Wal-Mart store.  When Keeter mentioned J.H., Appellant asked to see her, and Keeter arranged a meeting.  Several days after Appellant’s reunion with J.H., he took her to the movies.  One evening, at Keeter’s request, Appellant chaperoned a sixteenth birthday party for J.H. while Keeter was at work.

After the birthday party, Appellant developed a romantic and sexual relationship with J.H.  Appellant asked J.H.’s mother and estranged father for their consent to marry her, but they refused.  J.H.’s father asked Appellant to wait until J.H. was eighteen years of age.  In December of 1999, Appellant called J.H.’s father and told him that J.H. was pregnant.  J.H.’s father contacted Child Protective Services, and Appellant was subsequently charged with sexual assault.  

Jury Argument

In his first issue, Appellant contends that the trial court erred in failing to grant his request for a mistrial after the State made improper jury arguments.  To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
  
 

Appellant complains of three instances of allegedly improper jury argument.  
The first instance actually involved a question asked during cross-examination of Alan King, a friend of Appellant and J.H., who testified on Appellant’s behalf.  The State asked, “And then [Appellant] goes to the penitentiary, correct?” and King answered “Yes.”  The State then asked, “In fact, he did a six-year sentence?”  Appellant’s counsel objected, but did not obtain an express ruling on the objection.  After a bench conference, Appellant’s counsel asked that the jury be instructed to disregard “the last question,” and that a mistrial be declared, and the court overruled both requests.  Appellant contends that these two questions created an impression that Appellant had served time in the penitentiary when, in fact, he had not.
(footnote: 1)
 To preserve a complaint about improper jury argument, the defendant must:  (1) object; (2) request an instruction to disregard; and (3) move for mistrial.
  Helleson v. State,
 5 S.W.3d 393, 396 (Tex. App.—Fort Worth 1999, pet. ref’d)
 (citing 
Harris v. State,
 784 S.W.2d 5, 12 n.4 (Tex. Crim. App. 1989),
 cert. denied, 
494 U.S. 1090 (1990)).  The objection must be timely and specific, and the defendant must pursue the objection to an adverse ruling.  
Mathis v. State,
 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); 
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997); 
Carter v. State
, 614 S.W.2d 821, 823 (Tex. Crim. App. [Panel Op.] 1981); 
see also
 
Tex. R. App. P.
 33.1(a)(1).  Likewise, a defendant must pursue an objection to alleged improper questions to an adverse ruling.  
See Darty v. State
, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986).

We disagree with the State’s argument that Appellant did not obtain a ruling on his objection and, therefore, did not preserve error as to this question.  
See Mathis, 
67 S.W.3d at 927.  We hold that the trial court’s refusal to instruct the jury to disregard the question was an implicit overruling of Appellant’s objection to the question.  
See 
Tex. R. App. P.
 33.1(a)(2)(A).  Thus, Appellant preserved error.  The trial court did not err however, because the question was not improper.  State’s Exhibit 1, the penitentiary packet, indicates that Appellant was sentenced to six years’ confinement in TDCJ.  The record reflects that King believed that Appellant had served time in the penitentiary.  Thus, the question was based on a reasonable deduction from the evidence.  Further, if Appellant never went to the penitentiary and paroled out of county jail, any prejudice resulting from the State’s question to King was obviated when Appellant testified on direct and cross-examination that he paroled out of county jail.

The second allegedly improper comment occurred during cross-examination of Appellant.  The State asked Appellant, “Then you committed a burglary and got revoked?”  Appellant’s counsel objected, asked the trial court to instruct the jury to disregard the question, and asked for a mistrial.  The trial court instructed the jury to disregard the question.  Again, we disagree with the State that Appellant failed to obtain a ruling on his objection and failed to preserve error.  The trial court implicitly sustained the objection by instructing the jury to disregard.  
See id.

We generally presume the jury follows the trial court's instructions to disregard evidence.  
See Waldo v. State,
 746 S.W.2d 750, 752-53 (Tex. Crim. App. 1988).  Other than referring to the “irrationally harsh sentence” of twelve years’ confinement out of a possible ninety-nine years, Appellant neither cites any authority nor makes any argument that rebuts the presumption that the jury followed the trial court’s instruction to disregard.  Thus, the trial court did not err by denying Appellant’s request for a mistrial.

In addition, the question was not improper because it was based upon a document in evidence as to Appellant’s criminal history at the punishment hearing.  
See Felder, 
848 S.W.2d at 94-95.  State’s Exhibit 1 indicates that Appellant was placed on probation, committed a new offense of burglary of a building, was revoked, and sentenced to six years’ confinement. 

The third occurrence of allegedly improper jury argument was during closing argument, when the State discussed hearsay statements allegedly made by J.H.’s mother, Keeter, who was never called as a witness.  In summation, the State made the following argument:

You talk about the mother.  She’s in here.  She’s ill.  She introduced the defendant to her daughter, and the evidence is not clear.  She is either -- she’s either been duped by this defendant -- remember, she asked the defendant to chaperone, to watch over her child when he’s making the moves on her at her 16th birthday, or she has no sense of right and wrong, letting her ex-boyfriend who knew her child --

Appellant objected on the grounds of hearsay, the court sustained his objection, and instructed the jury to disregard.

We agree with the State that the prosecutor’s argument was not improper.  The prosecutor’s argument was a summation of the evidence and a reasonable deduction from the evidence.  The evidence showed that Keeter was ill at the time of trial; that Keeter introduced Appellant to J.H. when he returned to Hood County after finishing his six-year sentence; and that Keeter asked Appellant to chaperone J.H.’s sixteenth birthday party.  Considering that Keeter had a romantic relationship with Appellant when her daughter was only five years old, a reasonable person could make two deductions from the evidence.  First, one could deduct that Keeter had no knowledge of Appellant’s intentions and was tricked by Appellant.  Alternatively, one could deduct from the evidence that Keeter knew of Appellant’s intentions and approved of his conduct with her minor daughter.  Though the prosecutor’s argument was proper, the trial court instructed the jury to disregard it.  As mentioned above, we generally presume the jury follows the trial court's instructions.  
See Waldo, 
746 S.W.2d at 752-53.  Considering this presumption, Appellant cannot show that he suffered unfair prejudice as a result of the prosecutor’s proper argument.  The trial court, therefore, did not err in refusing Appellant’s request for a mistrial. We overrule Appellant’s first issue.

Jury Charge

In his second issue, Appellant contends that the trial court erred in failing to include two specially-requested instructions in the jury charge.  Appellant requested that the charge include code of criminal procedure article 62.02(a) through (g)
(footnote: 2), which would instruct the jury that he would have to register as a sex offender
 in the sex offender registry, and section 2.102 of the family code which provides 
that any person under the age of eighteen must obtain parental consent before the county clerk will issue a marriage license.  
Tex. Code Crim. Proc. Ann.
 art. 62.02(a)-(g)
; 
Tex. Fam. Code. Ann. 
§ 2.102(a) (Vernon 1998).  
Appellant requested these instructions so that the jury would realize he was being adequately punished even if they gave him probation.  The trial court denied the request.

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. 
 Id.

Ellis v. State
, 723 S.W.2d 671 (Tex. Crim. App. 1986) and
 Yarbrough v. State
, 779 S.W.2d 844 (Tex. Crim. App. 1989), the only authority Appellant cites in support of his contention that the trial court erred in denying his specially-requested instructions, are either no longer the law or suggest that the trial court did not err in denying Appellant’s request.  A trial court does not err by 
not charging the jury as to all possible conditions of probation.  
Yarbrough, 
779 S.W.2d at 845; 
see also
 
Murdock v. State,
 840 S.W.2d 558, 570 (Tex. App.—Texarkana 1992) (holding that if 
Ellis
 ever stood for the proposition that a trial judge was required to include all of the statutory terms of probation in the charge, it has since been overruled 
sub silentio
), 
rev’d on other grounds,
 845 S.W.2d 915 (Tex. Crim. App. 1993).

We hold that sex offender registration is a collateral matter to the issue of how long a sentence and how large a fine the jury should impose.  The law as it relates to the legal age of consent for marriage is even less relevant in a punishment trial.  The trial court did not err in refusing to include these instructions in the charge.  We overrule Appellant’s second issue.

Punishment

Appellant contends in his third and fourth issues that the sentence imposed by the jury was unconstitutionally excessive and constituted cruel and unusual punishment.  He asserts that the trial court therefore erred in failing to grant his motion for reconsideration or reduction of sentence. 

Appellant was convicted of sexual assault, a second degree felony, which was enhanced to first degree because of his previous convictions.  
See
 
Tex. Penal Code Ann. 
§ 22.011(f) (Vernon 2003).  The punishment range for the offense of first degree sexual assault is not less than five or more than ninety-nine years or life imprisonment.  
See id.
§ 12.32(a).  The jury sentenced Appellant to twelve years' imprisonment.

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the legislature in a valid statute, the punishment is not excessive, cruel, or unusual.  
See, e.g., Jordan v. State, 
495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  The jury’s verdict of twelve years’ confinement is on the low end of the punishment range.  Appellant offers no authority to support his contention that his punishment was unconstitutionally excessive.  We overrule his third issue.

Appellant also cites no authority in support of his contention that the trial court erred when it refused to interfere with the jury’s verdict and reconsider or reduce his sentence.  Because his punishment was within the range set by the statute, and the evidence showed that Appellant was a twenty-nine-year-old ex-convict who had sexual relations with a sixteen-year-old child he had once viewed as a daughter, the trial court did not err in refusing to reduce his sentence.  We overrule Appellant’s fourth issue.

Conclusion

Because we have overruled all of Appellant’s issues, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

1:
State’s Exhibit 1 shows that in 1993, Appellant was sentenced to six years’ confinement in TDCJ.  Appellant testified that he “paroled out of jail” and never went to the penitentiary.

2:
Appellant cites article 62.012(a) through (g) in his brief.  Because no such article exists, we interpret his referral to be to article 62.02(a) through (g), which deals with registration of sex offenders.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 62.02(a)-(g) (Vernon Supp. 2003).