

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-379-CR

DESMOND W. BRYAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury found Appellant Desmond W. Bryan guilty of one count of aggravated sexual assault of a child and one count of indecency with a child by exposure and assessed his punishment at seven years' confinement and two years' confinement, respectively. The trial court sentenced him accordingly,

---

[1] See Tex. R. App. P. 47.4.

ordering that the sentences run concurrently. In two points, Bryan argues that the trial court erred by excluding certain testimony and by failing to include conditions of probation in the jury charge. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

When A.M. was six or seven years old, she lived with her mother D.M., her grandfather Bryan, and Bryan's wife in Bryan's house. A.M. was home alone with Bryan one day watching cartoons in the living room when he asked if she wanted to "see something." Bryan told A.M. to take off her underwear and lie down on the couch. He lay down next to her and licked her female sexual organ. Bryan told A.M. to go into his bedroom and get on the bed. Bryan got in bed with her and kissed A.M. on her mouth and cheeks. He got up, went to the restroom, shaved his face, and returned to the bedroom. He got back in bed with A.M., took off his pants and underwear, and exposed his penis to A.M. Bryan asked A.M. if she "wanted to," and A.M. responded, "No." Bryan got up and said, "Suit yourself." He put his pants and underwear back on and told her that if she told anyone, everyone would be mad at her and she would be taken away.

2

Several months later, A.M. moved to Scottsdale, Arizona to live with her father Michael and his girlfriend Tracie.[2] Over a year after the incident with Bryan, A.M. wrote on a sticky note that she wanted to tell her dad something very serious. Tracie saw the note first and asked A.M. if she wanted to talk to her about it. A.M. told her that Bryan had sexually molested her. Tracie woke up Michael, and Michael and Tracie asked A.M. to explain what had happened. A.M. felt more comfortable writing it down than saying it; she wrote that her grandfather had licked her private and had said he enjoyed it. Michael contacted the police.

### III. EXCLUDED TESTIMONY

In his first point, Bryan argues that the trial court erred by excluding testimony by A.M. that she had been sexually assaulted by a maintenance worker prior to the incident with Bryan. Bryan argues that the exclusion of this testimony violated his Sixth Amendment right to confrontation and prevented him from submitting two defensive theories.

### A. Standard of Review

This court reviews the trial court's decision to admit evidence under an abuse of discretion standard. *Casey v. State*, 215 S.W.3d 870, 879 (Tex.

---

[2]... Michael and Tracie married before trial.

Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

## B. Rule 412

Texas Rule of Evidence 412, known as the rape shield law, governs the admissibility of a complainant's prior sexual relationships with third parties in a sexual assault case. *See* Tex. R. Evid. 412. Rule 412 attempts to limit abusive, embarrassing, and irrelevant inquiries into a complainant's private life and to encourage victims of sexual assault to report those crimes. *See Allen v. State*, 700 S.W.2d 924, 929 (Tex. Crim. App. 1985); *Wofford v. State*, 903 S.W.2d 796, 798 (Tex. App.—Dallas 1995, pet. ref'd).

Rule 412(b) provides that specific instances of a victim's past sexual conduct are inadmissible unless (1) the evidence falls within one of five categories of evidence listed in rule 412(b)(2) and (2) the trial court finds that the probative value outweighs the danger of unfair prejudice. *See* Tex. R. Evid. 412(b). Bryan complains that the testimony at issue was admissible under two of rule 412(b)'s categories of admissible evidence because it was (1) evidence that relates to motive or bias of the alleged victim and (2) evidence that is constitutionally required to be admitted. *See* Tex. R. Evid. 412(b)(2)(C), (E).

4

C. Rule 412 Hearing

During the rule 412 hearing, A.M. testified that sometime before the incident with her grandfather, she had lived at in apartment complex with her mother. She said that one day she was in another apartment in the complex by herself with a maintenance man when she fell down and the man lay on her back and "humped" her. She explained that he had made "a movement back and forth," rubbing his sexual organ on her. They both were fully clothed.

At the rule 412 hearing, A.M. also testified that she had seen a pornographic movie once and that, when she was about five years old, she had walked in on her mother engaging in oral-to-genital contact with her boyfriend. The trial court allowed the testimony about the pornographic videotape and the observations of her mother engaging in oral sex, but it excluded the testimony about the incident with the maintenance man.

D. Rule 412 Applicable to A.M.'s testimony

Bryan first argues that rule 412 was not applicable to A.M.'s testimony about the incident with the maintenance man because it did not involve consensual activity. But rule 412 applies to evidence of the victim's "past sexual behavior," and courts have not limited its application to consensual behavior. *See, e.g.*, *Matz v. State*, 989 S.W.2d 419, 422–23 (Tex. App.—Fort Worth 1999) (holding evidence of prior sexual abuse inadmissible under rule

5

412), *rev'd on other grounds*, 14 S.W.3d 746 (Tex. Crim. App. 2000); *Marx v. State*, 953 S.W.2d 321, 337 (Tex. App.—Austin 1997) (same), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1034 (1999).  Rule 412 applies to A.M.'s testimony about the incident with the maintenance man, and therefore, that testimony is inadmissible if it does not fit within one of rule 412(b)'s categories of admissible evidence.  *See* Tex. R. Evid. 412(b).

### E.  Evidence Inadmissible to Show Motive or Bias

Bryan argues that evidence that a maintenance man sexually assaulted A.M. was admissible to show motive or bias under rule 412(b)(2)(C) and points to evidence at trial that A.M.'s father Michael had attempted to extort money from Bryan.[3]  Bryan argues that the evidence about the prior sexual assault, "when coupled with evidence of attempted extortion on the part of [Michael], tended to establish that perhaps some outcry was made to him regarding the maintenance worker incident and that was utilized by [Michael] in an attempt to extort money."

As the State points out, rule 412(b)(2)(C) applies only to evidence relating to motive or bias of *the alleged victim*, not any third party.  *See* Tex. R. Evid.

---

[3] At trial, Bryan's son Erik and daughter-in-law Gina testified that, after A.M. told Michael what Bryan had done, Michael had called Gina and had said that he bet Bryan "would pay any amount of money" for this not to get out.

6

412(b)(2)(C). Nothing in the record—including the evidence of a prior assault on A.M. by a third party—suggests that A.M. was biased or motivated to lie about Bryan sexually assaulting her. Consequently, we hold that the complained-of testimony was not admissible under rule 412(b)(2)(C).

### F. Evidence Inadmissible to Show
### Alternative Basis of Knowledge

Bryan also argues that the complained-of testimony was admissible to explain how A.M. knew about sexual matters at her young age. He argues that admission of this evidence was constitutionally required under rule 412(b)(2)(E) because its exclusion deprived him of his right to cross-examine A.M. on an alternative source of knowledge.

As this court has explained, "[a] number of states have held that the United States Constitution compels the admission of evidence to show an alternative basis for a child victim's knowledge of sexual matters." *Hale v. State*, 140 S.W.3d 381, 397 (Tex. App.—Fort Worth 2004, pet. ref'd); *Matz*, 989 S.W.2d at 423. The right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S. Ct. 1038, 1046 (1973); *Allen*, 700 S.W.2d at 931 (holding that precursor to rule 412 was constitutional and did not, on its face, violate the accused's

right to confrontation).  Moreover, although an accused is guaranteed his right to confrontation, evidence must be relevant or probative to the issues at trial to be admissible.  *See United States v. Nixon*, 418 U.S. 683, 711, 94 S. Ct. 3090, 3109 (1974); *Lempar v. State*, 191 S.W.3d 230, 236 (Tex. App.—San Antonio 2005, pet. ref'd).

To establish relevancy of a child's prior sexual conduct as an alterative source of sexual knowledge, the appellant must establish that the prior acts clearly occurred and that the acts were sufficiently similar to the present case so as to explain the acts in question.  *See Hale*, 140 S.W.3d at 397; *Matz*, 989 S.W.2d at 423.

Here, Bryan failed to establish that the prior assault was sufficiently similar to Bryan's assault.  Evidence that a third party lay down on A.M.'s back and "humped" her by moving in a back and forth motion while fully clothed is not sufficiently similar to Bryan's licking A.M.'s female sexual organ, kissing her on the cheeks and mouth, and exposing his penis to her.  *See Hale*, 140 S.W.3d at 397; *Matz*, 989 S.W.2d at 423.  Moreover, Bryan was allowed to develop his alternative-source-of-knowledge defensive theory when he cross-examined A.M. about seeing a pornographic video and walking in on her mother performing oral sex.

We cannot conclude that the complained-of testimony was admissible under rule 412(b)(2)(E) or that the exclusion of this testimony deprived Bryan of his constitutional right of cross-examination. *See* Tex. R. Evid. 412(b)(2)(E); *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (holding no violation of Confrontation Clause when defendant's general defensive theory presented to jury through alternate testimony).

Having held that the evidence did not satisfy the requirements for admissibility under the relevant circumstances for admissibility under rule 412(b)(2), we hold that the trial court did not abuse its discretion by excluding A.M.'s testimony. *See Casey*, 215 S.W.3d at 879, *Montgomery*, 810 S.W.2d at 391. We overrule Bryan's first point.

## IV. JURY CHARGE

In his second point, Bryan argues that the trial court erred by denying his request that the jury charge on punishment include the mandatory conditions of probation required of a person convicted of sexual assault.

The law statutorily mandates certain probation conditions for sex offenders, and imposition of these required conditions is not within the trial court's discretion. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 13(b) (Vernon Supp. 2009). But, whether requested or not, a trial court is not required to include in its charge to the jury a list of statutory terms and conditions a

defendant would face if the jury recommended probation. *Cagle v. State*, 23 S.W.3d 590, 594–95 (Tex. App.—Fort Worth 2000, pet. ref'd) (citing *Yarbrough v. State*, 742 S.W.2d 62, 64 (Tex. App.—Dallas 1987), *pet. dism'd, improvidently granted*, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989)); *see also Flores v. State*, 513 S.W.2d 66, 69 (Tex. Crim. App. 1974) ("While it is considered good practice to enumerate in the court's charge the probationary conditions which the court may impose if probation is recommended by the jury, the failure to so enumerate the said conditions is not harmful . . . .").[4]

Because, under applicable law, the trial court was not required to include conditions of probation in the jury charge on punishment, we overrule Bryan's second point. *See Cagle*, 23 S.W.3d at 594–95.

---

[4] Bryan argues that the court of criminal appeals's decision in *Ellis v. State*, 723 S.W2d 671, 672 (Tex. Crim. App. 1986), supports his position. But in *Yarbrough*, the court of criminal appeals approved of the Dallas court's holding that a trial court's refusal to include all of the statutory conditions of community supervision in a jury charge was not reversible error. 779 S.W.2d at 845. Thus, to the extent that *Ellis* stands for the proposition that trial courts must include statutory terms of probation in the jury charge, it has since been implicitly overruled. *See id.*; *Murdock v. State*, 840 S.W.2d 558, 570 (Tex. App.—Texarkana 1992), *vacated on other grounds*, 845 S.W.2d 915 (Tex. Crim. App. 1993).

## V. Conclusion

Having overruled Bryan's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 25, 2010