Randle De Wayne MURDOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 1611–92.

Court of Criminal Appeals of Texas, En Banc.

Feb. 3, 1993.

Discretionary Review Refused
Feb. 3, 1993.

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Alan Curry and Casey O'Brien, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of illegal investment and sentenced to twenty-five years confinement and a fine of $300,-000.00. The Court of Appeals affirmed. *Murdock v. State*, 840 S.W.2d 558 (Tex. App.—Texarkana, 1992).

During the punishment phase, the trial court admitted evidence concerning extraneous conduct which did not result in final convictions. In *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Cr.App. No. 1037–91, delivered October 28, 1992), we held that unadjudicated extraneous offenses were inadmissible at the punishment phase of a trial. However, at the time of its decision, the Court of Appeals did not have the benefit of our opinion in *Grunsfeld*, therefore, we will remand this case in light of that opinion.

Accordingly, appellant's first ground for review is granted. The judgment of the Court of Appeals is vacated and the cause is remanded to that court for reconsideration in light of *Grunsfeld.* Appellant's remaining grounds are refused.

BAIRD, J., dissents to the remand believing review should have been granted on appellant's fourth ground for review.