**Randle Dewayne MURDOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–91–00070–CR.**

Court of Appeals of Texas, Texarkana.

June 15, 1993.

---

Dick DeGuerin, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Randle Murdock was convicted of the offense of illegal investment and sentenced to twenty-five years' confinement and a fine of $300,000. This Court affirmed his conviction in *Murdock v. State*, 840 S.W.2d 558 (Tex.App.–Texarkana 1992), *vacated*, 845 S.W.2d 915 (Tex.Crim.App.1993). The Court of Criminal Appeals vacated the judgment and remanded the cause to this Court in order that we might reconsider Murdock's point of error alleging that the court improperly admitted evidence about unadjudicated offenses in light of its recent opinion in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992). In *Grunsfeld*,

the Court held that evidence of unadjudicated extraneous offenses was inadmissible at the punishment phase of the trial.

Although appellant's brief does not specify or discuss the evidence of which he complains, it does refer to his motion in limine. In that motion in limine, counsel argued that the State should not have been permitted to introduce evidence at the punishment hearing about two specific acts that had not resulted in final criminal convictions.

One situation involved Murdock's arrest after police found tablets of a designer drug called ecstasy [1] in his car. No charge was ever filed against Murdock in that case. At the time of the arrest, ecstasy was not an illegal drug.

■ Our initial opinion construed the introduction of evidence pertaining to the defendant's arrest for possession of ecstasy as not violating the rule against the admission of evidence of extraneous offenses because the possession was not a crime at the time of Murdock's arrest. We have reconsidered that holding. Although this was not a crime at the time of the arrest, it was a crime at the time of the trial in which it was introduced. The court's instruction to the jury stated that possession of ecstasy did not constitute a crime *at the time* of the arrest. This language strongly suggests that it was a crime at some other time. The instruction came after the arresting officer testified that it was a crime at the time of the arrest and that charges had been duly filed.

The purpose of TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1993), as construed by *Grunsfeld*, 843 S.W.2d 521, is to exclude all references to extraneous offenses that are not final convictions. Technically, the evidence introduced concerning the drug ecstasy did not show that Murdock had violated the law, but the taint is still strong when the conduct is shortly thereafter declared by the Legislature to be a serious criminal violation. This is not

---

**1.** 3,4–methylenedioxy methamphetamine (MDMA), (MDM) TEX.HEALTH & SAFETY CODE ANN.

§ 481.103(a)(1) (Vernon 1992).

a situation involving the creation of a whole new type of offense, but rather the addition of a newly created substance to the list of illegal drugs. The matter was presented to the jury with testimony about an informer and an arrest with all the details that would be involved in an arrest for an illicit drug. The evidence was calculated to leave the impression of illicit drug activity in the minds of the jurors and, because the conduct had been branded as a serious crime at the time of the trial, we believe that it should be treated in the same manner as an extraneous offense.

We have examined this testimony in light of the entire record. We must also consider the effect of the two instructions given to the jury to disregard the testimony of which Murdock complains. Even when such prejudicial information is placed before a jury, the general rule is that an instruction by the trial court to the jury to disregard such testimony is sufficient to cure error. *Fuller v. State*, 827 S.W.2d 919, 926 (Tex.Crim.App.1992); *Tennard v. State*, 802 S.W.2d 678, 685 (Tex.Crim.App. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991).

We cannot conclude that the jurors were able to put this matter out of their minds and not consider it in determining punishment—especially in light of the fact that, during their deliberations on punishment, the jury made a written inquiry to the judge about the time frame of that arrest. It is also significant that the type of conduct shown by this evidence was closely related to the type of conduct for which Murdock was being tried.

We find that the admission of this evidence was an abuse of discretion and that the jury instruction was ineffective to cure the resulting error. We cannot say beyond a reasonable doubt that this error made no contribution to the punishment. Tex. R.App.P. 81(b)(2). Thus, the admission of this evidence constituted reversible error.

Another matter that went before the jury was testimony indicating that Murdock was arrested for not having a valid Texas driver's license. While inventorying his automobile on this occasion, the officer discovered $40,000 in an Igloo ice chest in his car. No further testimony about the circumstances of the arrest or the money was presented to the jury.[2]

In light of the *Grunsfeld* opinion, we find that the trial court abused its discretion in admitting evidence of this unadjudicated extraneous offense of driving without a valid Texas driver's license. Tex. Code Crim.Proc.Ann. art. 37.07, § 3(a). Possession of large amounts of cash is not unlawful. Thus, the admissibility of evidence about that money need not be analyzed under *Grunsfeld*.

When we find error, the error is reversible unless we determine beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). Evidence that Murdock did not have a valid Texas driver's license did not implicate him in other transactions or activities involving the purchase and possession of illegal narcotics.

We conclude that evidence of the driving offense, although error, is of such a nature that, beyond a reasonable doubt, it did not contribute to Murdock's punishment.

We adopt and incorporate all of our original opinion that did not deal with the admission of extraneous offenses at punishment.

The portion of the judgment of the trial court determining punishment is reversed, and the cause is remanded to the trial court for punishment only.

BLEIL, Justice, concurring in part and dissenting in part.

I concur in the majority's holding that evidence of unadjudicated offenses was improperly admitted during the punishment

---

2. At the hearing on Murdock's motion in limine, there was testimony that a dog had found traces of cocaine on the cash. An agreed disposition of a civil forfeiture proceeding returned a small percentage of the money and his personal effects to Murdock. None of this was brought before the jury.

phase of the trial and that, for this reason, the judgment fixing punishment must be reversed.

However, for the reasons I have previously detailed, I believe that the judgment of conviction should be reversed and the entire cause remanded for a new trial. *See Murdock v. State*, 840 S.W.2d 558 (Tex. App.–Texarkana 1992), *vacated*, 845 S.W.2d 915 (Tex.Crim.App.1993). To the extent that we affirm the judgment of conviction, I dissent.