Owens-Wm v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-047-CR

     WILLIAM OWENS, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 12th District Court
Leon County, Texas
Trial Court # 7637-B
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found William Owens, Jr. guilty of aggravated sexual assault, and the court assessed
punishment of sixty years' imprisonment. See Tex. Penal Code Ann. § 22.021 (Vernon 1994). 
By one point of error, he complains that the court wrongfully denied his motion for a new trial. 
The State specifically challenges our jurisdiction to hear this appeal. Because Owens filed his
notice of appeal late, we dismiss for want of jurisdiction.
      The court imposed punishment in open court on Friday, January 15, 1993. Owens' notice
of appeal or motion for a new trial was due within thirty days after the court's action, i.e., by
Sunday, February 14. See Tex. R. App. P. 31(a)(1), 41(b)(1). However, because the due date
fell on a Sunday, Owens had until "the end of the next day which [was] not a Saturday, Sunday
or legal holiday" to file his notice or motion. See id. 5(a). Thus, his notice of appeal or a motion
for a new trial was due on Monday, February 15. He filed his motion for a new trial on February
16, one day late. An untimely motion for a new trial is a nullity. See Murdock v. State, 840
S.W.2d 558, 570-71 (Tex. App.—Texarkana 1992), vacated for reconsideration on other grounds,
845 S.W.2d 915 (Tex. Crim. App. 1993), adopted and incorporated on reconsideration, 856
S.W.2d 262, 264 (Tex. App.—Texarkana 1993, pet. ref'd). Thus, Owens' motion did not extend
the due date for his notice of appeal. See Tex. R. App. P. 41(b)(1). 
      Because his motion for a new trial was untimely, Owens must have filed his notice of appeal
by February 15 or by March 2 if filed in conjunction with a request for an extension of time
directed to this court. See id. 5(a), 41(b)(1), (2). He did not file a notice until April 14, nearly
two months too late, nor did he request an extension of time from this court. See id. Thus, he
failed to invoke our jurisdiction over his appeal. See Rodarte v. State, 860 S.W.2d 108, 110 (Tex.
Crim. App. 1993); Shute v. State, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). 
      Therefore, we dismiss this cause for want of jurisdiction.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed August 2, 1995
Do not publish