James H. STONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–93–275–CR.

Court of Appeals of Texas,
Waco.

Oct. 16, 1996.

---

Frank Blazek, Smither, Martin, Henderson, Morgan, Delong & Blazek, P.C., Huntsville, for appellant.

David S. Barron, District Attorney, Tuck Moody McLain, Asst. District Attorney, Bryan, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

A jury found James Stone guilty of aggravated robbery and sentenced him to ninety-nine years in prison. Twenty-one days after he was sentenced, Stone filed a motion for a new trial under the wrong cause number. When he realized his mistake, he obtained an order from the trial court "transferring" the motion into the correct cause and, after the court overruled the motion, filed a notice of appeal on the fiftieth day after sentencing. Because we conclude that the motion for a new trial was filed in the wrong cause and the court's order transferring the motion was not authorized, we find that his notice of appeal was not timely. Thus, we dismiss his appeal for want of jurisdiction.

## PROCEDURAL HISTORY

The State initiated three actions against Stone arising from the same transaction but went to trial on only one—cause number 9272. On October 8, 1993 the court imposed the punishment assessed by the jury. Twenty-one days later, on October 29, Stone filed a motion for a new trial in the proper court, with the proper style, but under cause number 9168, one of the other actions pending against him. Seventeen days later, and thirty-eight days following the pronouncement of his sentence, he filed a "Motion to Transfer Motion for New Trial" into the proper cause. On November 23, some forty-six days after sentencing, the court entered an order transferring the motion and changed the cause number on it by striking through the "9168" and writing in "9272." On November 27, fifty days after sentencing, Stone filed his notice of appeal.

## PERFECTING APPEAL

■ To invoke our jurisdiction, a defendant must file his notice of appeal within thirty days after the sentence is imposed in open court, or within ninety days after the sentence is imposed if a timely motion for a new trial has been filed. TEX.R.APP.P. 41(b)(1); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996); *Rodarte v. State,* 860 S.W.2d 108, 110 (Tex.Crim.App.1993). The time requirements for perfecting an appeal must be complied with to invoke our jurisdiction. *Id.* If the requirements are not met, we do not have jurisdiction to hear the appeal. *Id.* Because Stone's notice of appeal was filed on the fiftieth day after sentencing, we have jurisdiction only if the deadline for filing the notice was extended to ninety days. *Id.*

## THE MOTION FOR NEW TRIAL

■ Stone timely filed a document entitled "Motion for New Trial." A certificate of service accompanying the motion shows that a copy was sent to the prosecuting attorney. The motion was filed in the proper court and contained the proper style, but contained the cause number of a companion case that had not yet gone to trial. The first issue we face is whether the filing of that document was

effective to extend the appellate timetable so that we may exercise jurisdiction over this appeal. Stone argues that the mistake in the cause number was a mere "clerical" error, which should be overlooked in the interest of justice.

We have not found an opinion by the Court of Criminal Appeals or by any of the intermediate courts in the exercise of their criminal jurisdiction deciding whether a motion must reflect the proper cause number to be "filed" in that cause. However, the Texas Supreme Court and several of the intermediate courts have rendered decisions on this issue in civil appeals. *E.g., Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985); *Cockrell v. Central Sav. and Loan Ass'n,* 788 S.W.2d 221, 224 (Tex.App.—Dallas 1990, no writ). The Supreme Court clearly required that the correct cause number be on a motion for a new trial in *Philbrook:* "In addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails." *Philbrook,* 683 S.W.2d at 379. Although the Supreme Court has recently backed away from *Philbrook,* particularly in the perfection-of-an-appeal context, its holding has not been expressly overruled. *E.g., Blankenship v. Robins,* 878 S.W.2d 138, 139 (Tex.1994); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992); *Mueller v. Saravia,* 826 S.W.2d 608 (Tex. 1992).[1]

We believe that the *Philbrook* holding is applicable with more force to the criminal context than it has been applied with in civil cases. The right to move for a new trial in a criminal case is purely statutory and the statutory provisions must be complied with in all respects. *Drew v. State,* 743 S.W.2d 207, 223 (Tex.Crim.App.1987); *Murdock v. State,* 840 S.W.2d 558, 570–71 (Tex.App.—Texarkana 1992), *vacated for reconsideration on other grounds,* 845 S.W.2d 915 (Tex.Crim. App.1993), *adopted and incorporated on reconsideration,* 856 S.W.2d 262, 264 (Tex. App.—Texarkana 1993, pet. ref'd). All of the cases limiting *Philbrook's* application invoke the civil policy that "decisions of the courts of appeals [should] turn on substance rather than procedural technicality", a policy that the Court of Criminal Appeals has yet to adopt, and most also invoke the "bona fide attempt" rule, a rule specifically rejected by the Court of Criminal Appeals. *Compare Blankenship,* 878 S.W.2d at 139; *Texas Instruments v. Teletron Energy Mgt.,* 877 S.W.2d 276, 278 (Tex.1994); *Rodriguez,* 828 S.W.2d at 418 *and Mueller,* 826 S.W.2d at 609 *with Olivo,* 918 S.W.2d at 523–24 (Court of Criminal Appeals rejects the "bona fide attempt" rule); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) (requiring strict compliance with the rules of appellate procedure) *and Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (requiring strict compliance with the rules of appellate procedure).

Thus, we conclude that under the Court of Criminal Appeals' strict application of the rules of appellate procedure, Stone's motion for a new trial was filed in the wrong cause number and, so, was not sufficient to extend the appellate timetable in this cause.

## TRANSFERRING THE MOTION FOR A NEW TRIAL

Stone also argues that the court's order "transferring" the motion from cause number 9168 to 9272 cured the mistake in the cause number, effectively causing the appellate due dates to be extended. A court may not grant a new trial in a criminal case on its own motion or on the motion of the State—a new trial may only be granted on the basis of a proper motion from the defendant. *Perkins v. Court of Appeals,* 738 S.W.2d 276, 280–81 (Tex.Crim.App.1987) (original proceeding); *Dugard v. State,* 688 S.W.2d 524, 529–30 (Tex.Crim.App.1985), *overruled on other grounds, Williams v. State,* 780 S.W.2d 802, 803 (Tex.Crim.App. 1989); *Johnson v. State,* 894 S.W.2d 529, 534 (Tex.App.—Austin 1995, no pet.). The procedural provisions governing a motion for a new trial in a criminal trial must be complied

---

1. Because this cause is decided under the law as announced by the Court of Criminal Appeals, the Supreme Court authority is persuasive, not binding. Thus, we need not decide if *Philbrook* has any viability as binding precedent after *Blankenship. Compare Blankenship v. Robins,* 878 S.W.2d 138 (Tex.1994) *with Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985).

with for the court to have the jurisdiction to consider the motion. *Drew,* 743 S.W.2d at 223; *Murdock,* 840 S.W.2d at 570–71.[2] Thus, an untimely filed motion for a new trial is a "nullity" and of no legal effect. *Drew,* 743 S.W.2d at 223; *Belton v. State,* 900 S.W.2d 886, 902 (Tex.App.—El Paso 1995, pet. ref'd). The defendant may not file a motion for a new trial after the expiration of the thirty day period, even with the permission of the court. *Drew,* 743 S.W.2d at 223; *Dugard,* 688 S.W.2d at 530; *Belton,* 900 S.W.2d at 902; *Murdock,* 840 S.W.2d at 571.

Because Stone did not put the proper cause number on the motion for a new trial, the motion was not "filed" in this cause when he delivered it to the court clerk. Thus, the court's action in "filing" the motion by changing the cause number on the forty-sixth day after conviction, was, in effect, an attempt to extend the time for filing the motion for a new trial. This is an unauthorized action by the trial court. *Id.* Therefore, we conclude that the court's attempt to "file" the motion for a new trial in the proper cause was also ineffective, and the appellate timetable was not affected by the order transferring the motion into this cause.[3]

## DISPOSITION

Stone's motion for a new trial filed in another cause on the twenty-first day after imposition of the sentence did not extend the deadline for his notice of appeal. Similarly, the court's unauthorized order transferring the motion into the proper cause did not extend the appellate timetable. Thus, Stone's notice of appeal was due thirty days after sentencing. He did not file the notice of appeal until November 27, 1993, fifty days after sentencing and nineteen days after the notice was actually due.[4] This filing was too

2. Prior to 1986, motions for a new trial in a criminal case were governed by the provisions of article 44.05 of the Code of Criminal Procedure. Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 107, 1981 Tex.Gen.Laws 761, 803–04, *repealed by* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex.Gen.Laws 2472, 2472–73 and Order Adopting Amendments to Rules of Posttrial, Appellate and Review Procedure In Criminal Cases, 707–708 S.W.2d (Texas Cases) XXX, XXXV (April 10, 1996). In 1986, however, the procedures for motions for new trials in criminal cases were moved to the Rules of Appellate Procedure. Tex.R.App.P. 31, 707–708 S.W.2d (Texas Cases) XXX, XLIX (April 10, 1986). "The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction." *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996). Likewise, the rules cannot establish jurisdiction of a trial court. *See id.* at 522–23. However, the distinction between whether a defect in the court's authority over a motion for a new trial in a criminal case is jurisdictional or procedural does not impact the outcome of our decision in this case. A trial court does not have common law authority over a motion for a new trial in a criminal case. *See Drew v. State,* 743 S.W.2d 207, 223 (Tex.Crim.App.1987). Nor does it have special plenary power created by statute over such a motion. *State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex.Crim.App.1987). Thus, the trial court's authority over a motion for a new trial is limited, however it is termed. In the face of such limited authority, the court's power "must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist." *See Olivo,* 918 S.W.2d at 523. Whether by lack of jurisdiction or by procedural bar, a trial court does not have the power to act on a untimely motion for new trial by virtue of its own authority. Nor does a *trial court* have the authority to suspend the time limits imposed by the Rules of Appellate Procedure, allowing for an untimely motion for a new trial to be considered. *See* Tex.R.App.P. 2(b); *State v. Adams,* 930 S.W.2d 88 (Tex.Crim.App.1996); *State ex rel. Holmes v. Shaver,* 824 S.W.2d 285 (Tex.App.—Texarkana 1992, orig. proceeding [leave denied]); *Harris v. State,* 818 S.W.2d 231 (Tex.App.—San Antonio 1991, no pet.). Thus, as have other post-rules opinions, we apply the jurisdictional language and rules from opinions applying the previous Code of Criminal Procedure provisions. *Belton v. State,* 900 S.W.2d 886, 902 (Tex.App.—El Paso 1995, pet. ref'd); *Murdock v. State,* 840 S.W.2d 558, 570–71 (Tex.App.—Texarkana 1992), *vacated for reconsideration on other grounds,* 845 S.W.2d 915 (Tex.Crim.App.1993), *adopted and incorporated on reconsideration,* 856 S.W.2d 262, 264 (Tex.App.—Texarkana 1993, pet. ref'd); *Holmes,* 824 S.W.2d at 287.

3. Although Stone has not asked that we invoke Rule 2(b) of the Rules of Appellate Procedure, we note that "Rule 2(b) does not authorize the retroactive suspension of rules governing events that have already occurred at the trial level before the record has been conveyed to the appellate court." *State v. Garza,* 931 S.W.2d 560, 563 (Tex.Crim.App.1996).

4. Because the thirtieth day after sentencing, November 7, fell on a Sunday, Stone actually had until the following Monday, November 8, to file his notice of appeal. Tex.R.App.P. 5(a).

late and regrettably we must dismiss his appeal for want of jurisdiction.