Opinion issued June 27, 2002













In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00111-CR

____________


JERRY STEINECKE, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 25th District Court

Colorado County, Texas

Trial Court Cause No. CR01-223






O P I N I O N

 Appellant, Jerry Steinecke, was indicted on two counts of the state jail
felony offense of endangering a child in cause number CR99-128. He was
subsequently re-indicted for the same offenses in cause number CR01-223, which
was tried to a jury. The jury found appellant guilty, and the trial court assessed his
punishment at two years confinement, probated for five years, and a $500 fine. 
Appellant filed his notice of appeal in cause number CR99-128, which had been
dismissed on the State's motion. Because the notice of appeal was filed in the wrong
cause number, we conclude we must dismiss the appeal for want of jurisdiction.

 The Waco Court of Appeals has held that a motion for new trial filed in the
wrong cause number does not extend the appellate timetable for filing a notice of
appeal in the proper cause number. Stone v. State, 931 S.W.2d 394, 395-96 (Tex.
App.--Waco 1996, pet. ref'd). In doing so, the court analyzed the strict compliance
with the Texas Rules of Appellate Procedure required by the Court of Criminal
Appeals. For example, appellate jurisdiction is invoked by giving timely and proper
notice of appeal. State v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). To
invoke a court of appeals' jurisdiction, a defendant must file his notice of appeal
within 30 days after sentencing, or within 90 days after sentencing if a timely motion
for new trial is filed. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998);
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); Tex. R. App. P. 26.2(a).

 The procedures established in Rule 25.2(b)(3) of the Texas Rules of
Appellate Procedure must also be followed in order to invoke jurisdiction over plea-bargained appeals. White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001)
(notice of appeal must specify appeal is for jurisdictional defect to invoke appellate
court's jurisdiction on this issue); Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App.
2001) (general notice of appeal fails to confer jurisdiction to consider voluntariness
of guilty plea); Davis v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App. 1994) (general
notice of appeal fails to confer jurisdiction to consider denial of pretrial motion).

 We agree with the reasoning of our sister court of appeals and conclude that,
under the Court of Criminal Appeals' strict application of the rules of appellate
procedure, appellant's notice of appeal filed in cause number CR99-128 did not
confer appellate jurisdiction on this Court in cause number CR01-223.

 We dismiss the appeal for lack of jurisdiction.

 All pending motions are denied as moot.





 Terry Jennings

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (1)

Publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.