TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN
 



NO. 03-03-00744-CR
NO. 03-03-00745-CR




Brent Reid Slocum, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NOS. 10,629 & 10,630, HONORABLE HAROLD ROBERT TOWSLEE, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
Appellant Brent Reid Slocum pleaded guilty to aggravated robbery and burglary of
a habitation. See Tex. Pen. Code Ann. §§ 29.03, 30.02 (West 2003). The court adjudged him guilty
and assessed punishment at forty years’ imprisonment for the former offense and twenty years’
imprisonment for the latter. By three points of error, appellant contends he was not properly
admonished regarding his guilty pleas, the State did not honor its plea bargain, and his trial counsel
was ineffective. We will affirm.
On July 9, 2003, appellant appeared in court to enter his pleas.


 Although the court
did not expressly ask if there was a plea bargain agreement, it twice inquired as to whether any
promises had been made to appellant to induce him to plead guilty. Appellant told the court that no
promises had been made. The State introduced in evidence the “guilty plea memorandum” and the
“defendant’s plea of guilty, waiver, stipulation & judicial confession” in each cause. These
documents, which were signed by appellant and his attorney, the prosecutor, and the trial judge,
reflect that appellant was admonished in accord with article 26.13(a). Tex. Code Crim. Proc. Ann.
art. 26.13(a) (West Supp. 2004-05); and see id. art. 26.13(d) (admonishments may be made orally
or in writing). There is no reference in these documents to any punishment agreement. Appellant
told the court that he understood the written admonishments and the consequences of waiving his
right to a jury trial and pleading guilty. At the conclusion of the hearing, the court accepted the
pleas, withheld findings of guilt, ordered a presentence investigation, and reset the causes for a later
date.
Trial of these causes resumed on October 22, 2003.


 After hearing testimony from
numerous witnesses for both the State and the defendants, the attorneys presented arguments
regarding the proper punishment. After discussing appellant’s troubled background, appellant’s
counsel quoted the statement in the presentence report that “prison would likely intensify the
defendant’s rage and make him potentially more dangerous.” Counsel continued, “That’s kind of
something that cuts both ways. . . . What difference would a 10-year sentence or a 20-year sentence
or a 30-year sentence make in terms of what is not only right for him, but what’s right for society.” 
Counsel concluded his argument by saying that appellant “expects to be punished” and is “leaving
that up to the Court as to what punishment the Court should think is proper in this case.” In her
closing remarks, the prosecutor stressed the violence that accompanied these offenses and said,
“Judge, I don’t know what’s appropriate, 40 or 50 years, 20 years. It needs to be some time. . . . I
hope that you will consider a lengthy jail sentence for both of them.” The court then adjudged the
defendants guilty and imposed sentence.



In his second point of error, appellant asserts that he pleaded guilty pursuant to a plea
bargain by which the prosecutor promised not to ask for a sentence exceeding twenty years in prison. 
He contends the prosecutor violated this bargain when she suggested that “40 or 50 years, 20 years”
would be an appropriate punishment.



In support of his claim that a plea bargain existed, appellant refers us to the affidavit
attached to untimely motions for new trial and to the testimony of his trial counsel at the hearing on
the motions. A motion for new trial must be filed no later than thirty days after sentence is imposed. 
Tex. R. App. P. 21.4(a). Sentence was imposed in each of these causes on October 22, 2003, and
therefore the deadline for moving for a new trial was November 21. The motions were filed on
December 12. Because the motions for new trial were not timely filed, the trial court did not have
jurisdiction to consider them. Beathard v. State, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989)
(applying statutory predecessor to rule 21.4); Stone v. State, 931 S.W.2d 394, 396-97 (Tex.
App.—Waco 1996, pet. ref’d) (applying predecessor rule). For the same reason, this Court is not
authorized to consider the record from the hearing. Prudhomme v. State, 47 S.W.3d 683, 688 (Tex.
App.—Texarkana 2001, pet. ref’d) (applying rule 21.4(a)).
There is no evidence of a plea bargain in the record that is properly before this Court. 
The guilty plea documents make no reference to a plea bargain. Appellant assured the judge who
took his guilty pleas that no promises had been made to him. Defense counsel’s reference to a
possible thirty-year sentence during jury argument is inconsistent with the existence of a plea bargain
limiting punishment to twenty years. And counsel’s statement that the trial court should assess the
punishment it thought proper suggests an understanding that this was an open plea. Indeed, it is hard
to understand why the parties would call a total of eleven witnesses and adduce one hundred twenty
pages of testimony if there was an agreement as to punishment. We also note that there was no
objection when the prosecutor suggested “40 or 50 years, 20 years,” and appellant did not ask to
withdraw his guilty plea when the court assessed the forty-year sentence in the robbery case. In each
cause, the certification of appellant’s right of appeal states that “this criminal case is not a plea-bargain case, and the defendant has the right of appeal.” See Tex. R. App. P. 25.(a)(2).
Reversible error is not shown even if we take into consideration counsel’s testimony
at the new trial hearing. Counsel testified that he recalled being told by the prosecutor that “the State
would not request any sentence greater than 20 years” if appellant pleaded guilty.


 Appellant does
not contend that this alleged promise was violated when the trial court sentenced him to forty years
for the robbery. Instead, he asserts that the promise was broken when the prosecutor mentioned the
possibility of a sentence exceeding twenty years. In other words, if a plea bargain existed in these
cases, it did not include a specific punishment agreement entitling appellant to withdraw his plea
should the trial court reject it. Instead, the agreement, if any, was that the plea would be open—that
is, that the court would be free to assess the punishment it saw fit—but the prosecutor would not ask
for more than twenty years.
If this was the agreement, the prosecutor’s violation of it was harmless. Just before
proceedings were adjourned after sentencing, counsel for appellant’s codefendant stated for the
record that he had been told by the prosecutor that “she would not ask for more than 20 years and
I believe that she did. So, just for the record, I make that statement.” Appellant’s counsel said
nothing. The judge responded by saying that he did not recall the prosecutor “giving me any
number” and that “punishment was entirely my own judgment.” If the prosecutor had promised not
to ask for more than twenty years, her breach of the promise clearly did not contribute to the
punishment assessed or otherwise harm a substantial right. See Tex. R. App. P. 44.2(b).
For all the reasons stated, we overrule point of error two.
In point of error one, appellant contends the trial court failed to admonish him as
required by article 26.13 before accepting his guilty pleas. See Tex. Code Crim. Proc. Ann. art.
26.13(a). More particularly, appellant complains that the court did not “inquire as to the existence
of any plea bargaining agreements between the state and the defendant.” Id. art. 26.13(a)(2). 
Appellant reasons that if such an inquiry had been made, there would be no question now as to the
existence of a plea bargain and its terms.
As previously noted, the records contain written guilty plea admonishments. These
documents are silent, however, with respect to the existence or nonexistence of a plea bargain
agreement. Although the trial court did ask appellant if any promises had been made to induce the
guilty pleas, the court did not expressly inquire if any plea bargain agreement existed before
accepting the pleas. Assuming that the court failed to adequately comply with the requirements of
article 26.13(a)(2), the error was harmless. See Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App.
1997) (failure to substantially comply with article 26.13(a) is not reversible error per se); Aguiire-Mata v. State, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999) (noncompliance with article 26.13(a)
is nonconstitutional error); Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (same).
The only harm asserted by appellant is the present disagreement with the State
regarding the existence of the alleged agreement. See Vera v. State, 821 S.W.2d 725, 726 (Tex.
App.—Corpus Christi 1991, no pet.). But we have already determined in light of the trial court’s
remarks that even if the prosecutor had agreed not to ask for more than twenty years as appellant
contends, the breach of the agreement did not harm appellant. Under the circumstances, the court’s
failure to make the statutory inquiry did not result in any adverse consequence to appellant. Point
of error one is overruled.
Finally, appellant contends his trial counsel did not provide constitutionally effective
representation. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986). He complains that his attorney did not object to the trial court’s failure to comply with
article 26.13(a), did not otherwise bring the alleged plea bargain agreement to the attention of either
trial judge, and did not object to the prosecutor’s argument that violated the alleged agreement. Once
again, appellant relies on testimony adduced at the hearing on his untimely motions for new trial. 
Even if we consider this testimony, there is no basis for concluding that, but for counsel’s errors, the
result of appellant’s trial would have been different. We have already explained that the violation
of the alleged agreement was harmless.
Appellant raises one additional claim regarding counsel’s performance. He asserts
that he believed that Judge Flenniken would preside at the sentencing hearing. He complains that
counsel should have objected to Judge Towslee presiding because the judge had previously presided
at a juvenile proceeding involving appellant. Appellant implies that Judge Towslee was disqualified,
but offers no argument or authority to support this implication.
Appellant does not overcome the strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance. See Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of
error three is overruled.
The judgments of conviction are affirmed.
 
 
                                                __________________________________________
                                                David Puryear, Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: March 10, 2005
Do Not Publish