COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-379-CR

 

 

DESMOND W.
BRYAN                                                          APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








A jury found Appellant Desmond W. Bryan guilty of
one count of aggravated sexual assault of a child and one count of indecency
with a child by exposure and assessed his punishment at seven years= confinement and two years= confinement, respectively.  The trial court sentenced him accordingly,
ordering that the sentences run concurrently. 
In two points, Bryan argues that the trial court erred by excluding
certain testimony and by failing to include conditions of probation in the jury
charge.  We will affirm.

II. Factual and Procedural Background

When A.M. was six or seven years old, she lived
with her mother D.M., her grandfather Bryan, and Bryan=s wife in Bryan=s house. 
A.M. was home alone with Bryan one day watching cartoons in the living
room when he asked if she wanted to Asee something.@  Bryan
told A.M. to take off her underwear and lie down on the couch.  He lay down next to her and licked her female
sexual organ.  Bryan told A.M. to go into
his bedroom and get on the bed.  Bryan
got in bed with her and kissed A.M. on her mouth and cheeks.  He got up, went to the restroom, shaved his
face, and returned to the bedroom.  He
got back in bed with A.M., took off his pants and underwear, and exposed his
penis to A.M. Bryan asked A.M. if she Awanted to,@ and A.M. responded, ANo.@  Bryan got
up and said, ASuit
yourself.@  He put his pants and underwear back on and
told her that if she told anyone, everyone would be mad at her and she would be
taken away.  








Several months later, A.M. moved to Scottsdale,
Arizona to live with her father Michael and his girlfriend Tracie.[2]  Over a year after the incident with Bryan,
A.M. wrote on a sticky note that she wanted to tell her dad something very
serious.  Tracie saw the note first and
asked A.M. if she wanted to talk to her about it.  A.M. told her that Bryan had sexually molested
her.  Tracie woke up Michael, and Michael
and Tracie asked A.M. to explain what had happened. A.M. felt more comfortable
writing it down than saying it; she wrote that her grandfather had licked her
private and had said he enjoyed it. 
Michael contacted the police.   

III.  Excluded
Testimony

In his first point, Bryan argues that the trial
court erred by excluding testimony by A.M. that she had been sexually assaulted
by a maintenance worker prior to the incident with Bryan.  Bryan argues that the exclusion of this
testimony violated his Sixth Amendment right to confrontation and prevented him
from submitting two defensive theories. 

 A. 
Standard of Review








This court reviews the trial court=s decision to admit evidence under an abuse of
discretion standard.  Casey v. State,
215 S.W.3d 870, 879 (Tex. Crim. App. 2007); Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  As
long as the trial court=s
ruling falls within the zone of reasonable disagreement, we will affirm its
decision.  Moses v. State, 105
S.W.3d 622, 627 (Tex. Crim. App. 2003). 

B.  Rule 412

Texas Rule of Evidence 412, known as the rape shield
law, governs the admissibility of a complainant=s prior sexual relationships with third parties
in a sexual assault case.  See Tex.
R. Evid. 412.  Rule 412 attempts to limit
abusive, embarrassing, and irrelevant inquiries into a complainant=s private life and to encourage victims of sexual
assault to report those crimes.  See
Allen v. State, 700 S.W.2d 924, 929 (Tex. Crim. App. 1985); Wofford v.
State, 903 S.W.2d 796, 798 (Tex. App.CDallas 1995, pet. ref=d).   

Rule 412(b) provides that specific instances of a
victim=s past sexual conduct are inadmissible unless (1)
the evidence falls within one of five categories of evidence listed in rule
412(b)(2) and (2) the trial court finds that the probative value outweighs the
danger of unfair prejudice.  See
Tex. R. Evid. 412(b).  Bryan complains
that the testimony at issue was admissible under two of rule 412(b)=s categories of admissible evidence because it
was (1) evidence that relates to motive or bias of the alleged victim and (2)
evidence that is constitutionally required to be admitted.  See Tex. R. Evid. 412(b)(2)(C), (E). 








C.  Rule 412 Hearing

During the rule 412 hearing, A.M. testified that
sometime before the incident with her grandfather, she had lived at in
apartment complex with her mother.  She
said that one day she was in another apartment in the complex by herself with a
maintenance man when she fell down and the man lay on her back and Ahumped@ her.  She
explained that he had made Aa movement back and forth,@ rubbing his sexual organ on her.  They both were fully clothed.  

At the rule 412 hearing, A.M. also testified that
she had seen a pornographic movie once and that, when she was about five years
old, she had walked in on her mother engaging in oral-to-genital contact with
her boyfriend. The trial court allowed the testimony about the pornographic
videotape and the observations of her mother engaging in oral sex, but it
excluded the testimony about the incident with the maintenance man. 

D.  Rule 412 Applicable to A.M.=s testimony








Bryan first argues that rule 412 was not
applicable to A.M.=s
testimony about the incident with the maintenance man because it did not
involve consensual activity.  But rule
412 applies to evidence of the victim=s Apast sexual behavior,@ and courts have not limited its application to
consensual behavior.  See, e.g.,
Matz v. State, 989 S.W.2d 419, 422B23 (Tex. App.CFort Worth 1999) (holding evidence of prior
sexual abuse inadmissible under rule 412), rev=d on other grounds, 14 S.W.3d 746 (Tex. Crim. App. 2000); Marx
v. State, 953 S.W.2d 321, 337 (Tex. App.CAustin 1997) (same), aff=d,
987 S.W.2d 577 (Tex. Crim. App.), cert. denied, 528 U.S. 1034
(1999).  Rule 412 applies to A.M.=s testimony about the incident with the
maintenance man, and therefore, that testimony is inadmissible if it does not
fit within one of rule 412(b)=s categories of admissible evidence.  See Tex. R. Evid. 412(b). 

E.  Evidence Inadmissible to Show Motive or Bias

Bryan argues that evidence that a maintenance man
sexually assaulted A.M. was admissible to show motive or bias under rule
412(b)(2)(C) and points to evidence at trial that A.M.=s father Michael had attempted to extort money
from Bryan.[3]  Bryan argues that the evidence about the
prior sexual assault, Awhen
coupled with evidence of attempted extortion on the part of [Michael], tended
to establish that perhaps some outcry was made to him regarding the maintenance
worker incident and that was utilized by [Michael] in an attempt to extort
money.@   








As the State points out, rule 412(b)(2)(C)
applies only to evidence relating to motive or bias of the alleged victim,
not any third party.  See Tex. R.
Evid. 412(b)(2)(C).  Nothing in the
recordCincluding the evidence of a prior assault on A.M.
by a third partyCsuggests
that A.M. was biased or motivated to lie about Bryan sexually assaulting
her.  Consequently, we hold that the
complained-of testimony was not admissible under rule 412(b)(2)(C).  

F. 
Evidence Inadmissible to Show 

Alternative
Basis of Knowledge

Bryan also argues that the complained-of
testimony was admissible to explain how A.M. knew about sexual matters at her
young age.  He argues that admission of
this evidence was constitutionally required under rule 412(b)(2)(E) because its
exclusion deprived him of his right to cross-examine A.M. on an alternative
source of knowledge. 








As this court has explained, A[a] number of states have held that the United
States Constitution compels the admission of evidence to show an alternative
basis for a child victim=s
knowledge of sexual matters.@  Hale
v. State, 140 S.W.3d 381, 397 (Tex. App.CFort Worth 2004, pet. ref=d); Matz, 989 S.W.2d at 423.  The right to confront and to cross‑examine
is not absolute and may, in appropriate cases, bow to accommodate other
legitimate interests in the criminal trial process.   Chambers v. Mississippi, 410 U.S.
284, 295, 93 S. Ct. 1038, 1046 (1973); Allen, 700 S.W.2d at 931 (holding
that precursor to rule 412 was constitutional and did not, on its face, violate
the accused=s
right to confrontation).  Moreover,
although an accused is guaranteed his right to confrontation, evidence must be
relevant or probative to the issues at trial to be admissible.  See United States v. Nixon, 418 U.S. 683,
711, 94 S. Ct. 3090, 3109 (1974); Lempar v. State, 191 S.W.3d 230, 236
(Tex. App.CSan
Antonio 2005, pet. ref=d).

To establish relevancy of a child=s prior sexual conduct as an alterative source of
sexual knowledge, the appellant must establish that the prior acts clearly
occurred and that the acts were sufficiently similar to the present case so as
to explain the acts in question.  See
Hale, 140 S.W.3d at 397; Matz, 989 S.W.2d at 423.

Here, Bryan failed to establish that the prior
assault was sufficiently similar to Bryan=s assault. 
Evidence that a third party lay down on A.M.=s back and Ahumped@ her by moving in a back and forth motion while
fully clothed is not sufficiently similar to Bryan=s licking A.M.=s female sexual organ, kissing her on the cheeks
and mouth, and exposing his penis to her. 
See Hale, 140 S.W.3d at 397; Matz, 989 S.W.2d at 423.  Moreover, Bryan was allowed to develop his
alternative-source-of-knowledge defensive theory when he cross-examined A.M.
about seeing a pornographic video and walking in on her mother performing oral
sex.  








We cannot conclude that the complained-of
testimony was admissible under rule 412(b)(2)(E) or that the exclusion of this
testimony deprived Bryan of his constitutional right of cross‑examination.  See Tex. R. Evid. 412(b)(2)(E); Hammer
v. State, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) (holding no violation
of Confrontation Clause when defendant=s general defensive theory presented to jury
through alternate testimony).  

Having held that the evidence did not satisfy the
requirements for admissibility under the relevant circumstances for
admissibility under rule 412(b)(2), we hold that the trial court did not abuse
its discretion by excluding A.M.=s testimony. 
See Casey, 215 S.W.3d at 879, Montgomery, 810 S.W.2d at
391.  We overrule Bryan=s first point.

IV.
Jury Charge

In his second point, Bryan argues that the trial
court erred by denying his request that the jury charge on punishment include
the mandatory conditions of probation required of a person convicted of sexual
assault.  








The law statutorily mandates certain probation
conditions for sex offenders, and imposition of these required conditions is
not within the trial court=s discretion. 
See Tex. Code Crim. Proc. Ann. art. 42.12, ' 13(b) (Vernon Supp. 2009).  But, whether requested or not, a trial court
is not required to include in its charge to the jury a list of statutory terms
and conditions a defendant would face if the jury recommended probation.  Cagle v. State, 23 S.W.3d 590, 594B95 (Tex. App.CFort Worth 2000, pet. ref=d) (citing Yarbrough v. State, 742 S.W.2d
62, 64 (Tex. App.CDallas
1987), pet. dism=d, improvidently granted, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989)); see
also Flores v. State, 513 S.W.2d 66, 69 (Tex. Crim. App. 1974) (AWhile it is considered good practice to enumerate
in the court=s
charge the probationary conditions which the court may impose if probation is
recommended by the jury, the failure to so enumerate the said conditions is not
harmful . . . .@).[4]


Because, under applicable law, the trial court
was not required to include conditions of probation in the jury charge on
punishment, we overrule Bryan=s second point. 
See Cagle, 23 S.W.3d at 594B95.

 

 

 








V.
Conclusion

Having overruled Bryan=s two points, we affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
March 25, 2010

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Michael and Tracie married before trial. 





[3]At trial, Bryan=s son Erik and daughter-in-law Gina testified that, after A.M. told
Michael what Bryan had done, Michael had called Gina and had said that he bet
Bryan Awould pay any amount of money@ for this not
to get out.  





[4]Bryan argues that the court of criminal appeals=s decision in Ellis v. State, 723 S.W2d 671, 672 (Tex. Crim.
App. 1986), supports his position.  But
in Yarbrough, the court of criminal appeals approved of the Dallas court=s holding that a trial court=s refusal to
include all of the statutory conditions of community supervision in a jury
charge was not reversible error.  779
S.W.2d at 845.  Thus, to the extent that Ellis
stands for the proposition that trial courts must include statutory terms of
probation in the jury charge, it has since been implicitly overruled.  See id.; Murdock v. State, 840
S.W.2d 558, 570 (Tex. App.CTexarkana
1992), vacated on other grounds, 845 S.W.2d 915 (Tex. Crim. App. 1993).