COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-317-CR

 

 

JAMES EDWARD HALL                                                                     APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                 FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
James Edward Hall appeals his sentences for two counts of aggravated sexual
assault and two counts of indecency with a child.  He argues in three issues that the trial
court erred by failing to include a reasonable-doubt instruction concerning an
extraneous offense and all of the conditions of his potential probation in the
punishment charge and that the prosecutor made improper comments relating to
his right against self-incrimination.  We
affirm.

II.  Factual and Procedural Background

When she
was three or four years old, K.M. told Appellant=s wife
that Appellant, her uncle, had Ahumped@
her.  Appellant=s wife
informed K.M.=s mother
about the allegation, but no one reported it to authorities.  In October 2006, K.M.
told her mother that Appellant had Atouched
her privates and that he got on top of her.@  K.M. later told her
mother other details of Appellant=s contact
with her.  K.M.
also told her father that she had seen Appellant naked and that Appellant had
taken her clothes off. 

K.M. testified at trial that she had seen a
pornographic movie at her grandmother=s house
and had asked Appellant what Asex@ was
while riding in the car with him.  After K.M. asked Appellant what Asex@ was, he
got into the back seat of the car with her and exposed his penis.  He then pulled her pants off and tried to put
his penis into her vagina.  K.M. testified that Appellant moved Aup and
down@ on her
but was not able to penetrate her vagina because she Awas too
small.@  He also kissed K.M.
with an open mouth. 

K.M. also testified that Appellant had her touch his
penis in the bathtub by telling her that it was her Arubber
ducky@ and that
he put his penis into her mouth. 
Appellant also fondled her breasts. 
K.M. testified that on other occasions,
Appellant Ahumped@ her with
his clothes on.  Appellant told K.M. Anot to tell or else@ and that
he was sorry.  K.M.
testified, however, that the abuse continued until she was approximately six
years old. 

In 2008, K.M. told her father that Appellant had apologized for
abusing her.  Her father took her to her
doctor, and her doctor made a report to Child Protective Services.  After the report, K.M.
was examined at Cook Children=s
Hospital and was interviewed at the Children=s
Advocacy Center in Granbury. Later, Investigator Robert Young interviewed
Appellant.  Appellant gave a verbal and
written statement; the written statement was admitted into evidence, and the
video of the oral statement was presented to the jury.  In the written statement, Appellant wrote
that after K.M. asked him about sex, he showed her
how to do it. 

Appellant
initially pleaded not guilty, but after the State rested its case on
guilt-innocence, Appellant pleaded guilty to two counts of aggravated sexual
assault and two counts of indecency with a child.  The State did not present evidence at the
punishment phase.  Appellant called seven
witnesses during punishment who testified that Appellant was diagnosed with
hydrocephalic (water on the brain) at two years old, that Appellant has
neurological brain damage, that Appellant=s older
sister sexually abused him when he was seven years old, and that Appellant would
not fare well in prison.

In
closing arguments, the State argued against probation and asked the jury to
assess ninety-nine years= confinement.  The jury found Appellant guilty; it assessed
Appellant=s punishment at twenty-five years=
confinement and a fine of $10,000 for each count of aggravated sexual assault
and twenty years= confinement for each count of
indecency with a child.  The trial court
sentenced Appellant accordingly and ordered that his sentences run
concurrently. 

III.  Jury Argument

Appellant
contends in his second issue that he suffered egregious harm when the
prosecutor argued during closing argument in the punishment phase that
Appellant had shown no remorse because the argument was an improper comment on
his right against self-incrimination. 

The code
of criminal procedure provides that a defendant=s failure
to testify in his own behalf may not be held against
him and that counsel may not allude to his failure to testify.  Tex. Code Crim. Proc. Ann.
art. 38.08 (Vernon 2005).  However, a complaint regarding an improper
comment on the defendant=s failure to testify is not
preserved for appellate review if not raised in the trial court.  See Threadgill
v. State, 146 S.W.3d 654, 667 (Tex. Crim. App.
2004); Wead v. State, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004). 

Here,
Appellant did not object to the prosecutor=s closing
argument.  Thus, Appellant has not
preserved his complaint for appellate review. 
Threadgill, 146 S.W.3d at 667; Wead,
129 S.W.3d at 129B30.  And even if Appellant had preserved his
complaint, it is clear from the context of the prosecutor=s
argument that he was referring to the testimony by Appellant=s family
during the punishment phase of the trial and not directly to Appellant=s failure
to testify.  See Howard v.
State, 153 S.W.3d 382, 385B86 (Tex.
Crim. App. 2004), cert. denied, 546 U.S. 1214 (2006) (holding that if
there is evidence in the record that supports a comment regarding the defendant=s failure
to show remorse, the comment is a proper summation of the evidence).  We overrule Appellant=s second
issue.

IV.  Conditions of Probation in Punishment
Charge

Appellant
argues in his third issue that the trial court erred by listing some, but not
all, of the statutory conditions of probation in the punishment phase jury
charge. 

The code
of criminal procedure contains a list of conditions that may be required as
part of a defendant=s community supervision and
provides that the list is not exclusive. 
See Tex. Code Crim. Proc. Ann. art. 42.12, ' 11(a) (Vernon Supp. 2009).  But, whether requested or not, a trial court
is not required to include in its charge to the jury a list of statutory terms
and conditions a defendant would face if the jury recommended probation.  Cagle v. State, 23 S.W.3d
590, 594B95 (Tex.
App.CFort
Worth 2000, pet. ref=d) (citing Yarbrough v. State,
742 S.W.2d 62, 64 (Tex. App.CDallas
1987), pet. dism=d,
improvidently granted, 779 S.W.2d 844, 845
(Tex. Crim. App. 1989)); see also Flores v. State, 513 S.W.2d 66, 69 (Tex. Crim. App. 1974) (AWhile it
is considered good practice to enumerate in the court=s charge
the probationary conditions which the court may impose if probation is
recommended by the jury, the failure to so enumerate the said conditions is not
harmful.@).  Appellant cites the court of criminal appeals=s
decision in Ellis v. State, 723 S.W.2d 671,
672 (Tex. Crim. App. 1986) to support his position.  But in Yarbrough, the court of
criminal appeals approved the Dallas court=s holding
that a trial court=s refusal to include all of the
statutory conditions of community supervision in a jury charge was not
reversible error.  See 779 S.W.2d at 845.  Thus, to the extent that Ellis stands
for the proposition that trial courts must include all statutory terms of
probation in the jury charge, it has since been implicitly overruled.  See id.; Murdock v. State, 840 S.W.2d 558, 570 (Tex. App.CTexarkana
1992), vacated on other grounds, 845 S.W.2d
915 (Tex. Crim. App. 1993).

Because
the trial court was not required under applicable law to include all of the conditions
of probation in the jury charge on punishment, we overrule Appellant=s third
issue.  See Cagle, 23 S.W.3d at 594B95.

V. 
Reasonable Doubt Instruction in Punishment Charge

Appellant
contends in his first issue that it was Afundamental
error and egregious harm for the [trial] court not to give a reasonable doubt
instruction@ in the punishment charge concerning
his extraneous offenses of Ahumping@ K.M. while clothed. 
We note, initially, that Appellant did not object to the charge and
affirmatively stated that he had no objections to the proposed charge.  Appellant=s
affirmative denial is the equivalent of failing to object.  See Bluitt v.
State, 137 S.W.3d 51, 53
(Tex. Crim. App. 2004).

A.  Standard of Review

Appellate
review of error in a jury charge involves a two-step process.  Abdnor v.
State, 871 S.W.2d 726, 731 (Tex. Crim. App.
1994); see also Sakil v. State, 287 S.W.3d 23, 25B26 (Tex.
Crim. App. 2009).  Initially, we must
determine whether error occurred.  If it
did, we must then evaluate whether sufficient harm resulted from the error to
require reversal.  Abdnor, 871 S.W.2d at 731B32.  If there is error in the court=s charge
but the appellant did not preserve it at trial, we must decide whether the
error was so egregious and created such harm that the appellant did not have a
fair and impartial trialCin short, that Aegregious
harm@ has
occurred.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); Allen
v. State, 253 S.W.3d 260, 264 (Tex. Crim. App.
2008); Hutch v. State, 922 S.W.2d 166, 171
(Tex. Crim. App. 1996).  Egregious
harm is the type and level of harm that affects the very basis of the case,
deprives the defendant of a valuable right, or vitally affects a defensive
theory.  Allen,
253 S.W.3d at 264 & n.15;
Olivas v. State, 202 S.W.3d
137, 144, 149 (Tex. Crim. App. 2006); Almanza,
686 S.W.2d at 172.

In making
an egregious harm determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Almanza, 686
S.W.2d at 171; see generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review is to illuminate
the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86
S.W.3d 226, 227 (Tex. Crim. App. 2002); Hutch,
922 S.W.2d at 171. 

B.  Analysis

1.  Error by Failing to Include Reasonable Doubt
Instruction

As shown
above, the jury heard brief evidence that Appellant on occasion Ahumped@ K.M. while clothed. 
Those occasions were not a subject of Appellant=s
indictment and were, therefore, offenses that were extraneous to those for
which Appellant was tried.  See
Tex. Penal Code Ann. ' 21.11 (Vernon 2005) (indecency
with a child).  

The State
argues that the evidence that Appellant Ahumped@ K.M. is not evidence of an extraneous offense because it
was introduced during the guilt-innocence phase of Appellant=s trial
and article 38.37 of the code of criminal procedure makes such evidence
admissible.  See
Tex. Code Crim. Proc. Ann. art. 38.37, '
2 (Vernon Supp. 2009).[2]  Although article 38.37 provides that evidence
of other acts is admissible, it does not make those other acts non-extraneous
offenses as a matter of law.  Id.  In fact, if the defendant requests an
instruction limiting the jury=s
consideration of the evidence to its bearing on the defendant=s state
of mind and the defendant=s previous or subsequent
relationship with the complainant, he is entitled to it.  See id.; Rivera v. State, 233 S.W.3d 403, 406 (Tex. App.CWaco
2007, pet. ref=d).  Thus, we do not agree that an act that
otherwise qualifies as an extraneous offense is no longer an extraneous offense
simply because article 38.37 deems evidence of the offense admissible at the
defendant=s trial.

When
evidence of extraneous offenses is presented at the punishment phase of a
trial, those acts must be proven beyond a reasonable doubt.  Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)(1)
(Vernon Supp. 2009); Huizar v. State,
12 S.W.3d 479, 483B84 (Tex.
Crim. App. 2000); Allen v. State, 47 S.W.3d
47, 50 (Tex. App.CFort Worth 2001, pet. ref=d) (A[T]he
trial court is required, when punishment phase evidence of extraneous offenses
or bad acts evidence is admitted, to sua sponte instruct the jury on the reasonable‑doubt
standard of proof concerning the extraneous offenses and bad acts.@).  Although the evidence that Appellant Ahumped@ K.M. with his clothes on was admitted during the
guilt-innocence phase of his trial, the trial court erred by failing to include
an appropriate instruction concerning the burden of proof pertaining to the
extraneous offense when charging the jury on punishment.  See Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999) (holding that
article 37.07 requires that extraneous offense evidence Amay not be
considered in assessing punishment until the fact‑finder
is satisfied beyond a reasonable doubt that these prior acts are attributable
to the defendant@); Allen, 47 S.W.3d at 50 (holding reasonable-doubt instruction required
for extraneous offense evidence, Aregardless
of whether such evidence was introduced at the guilt-innocence or punishment
phase@).

2.  Appellant Did Not Suffer Egregious Harm

Having
determined that the trial court erred by failing to include a reasonable doubt
instruction in the punishment charge, we must still determine whether Appellant
suffered egregious harm by the omission. 
See Almanza, 686 S.W.2d at 171.

With the
exception of the missing instruction regarding extraneous offenses, the
punishment charge was substantially correct. 
It instructed the jury on the range of punishment, required any finding
to be unanimous, and discussed Appellant=s
eligibility for community supervision. 
And the evidence, previously summarized, is strong and compelling.

As to the
arguments of counsel, neither the State nor Appellant=s counsel
referenced the evidence that Appellant Ahumped@ K.M. during their respective closing arguments at punishment.  Instead, the State used the majority of its
closing argument to ask the jury to sentence Appellant to ninety-nine years=
confinement because he was not a suitable candidate for community
supervision.  And neither party argued or
suggested that the burden of proof for the extraneous offense was any lower
than beyond a reasonable doubt.  Most
significant, in our view, as to whether Appellant was unduly prejudiced by the
error is the fact that the jury recommended sentences of, respectively, only
twenty-five and twenty years of incarceration for his aggravated sexual assault
and indecency convictions when the State had asked for ninety-nine years and
twenty years, the maximum punishments for first and second-degree
felonies.  See Tex. Penal Code
Ann. ' 12.32(a)
(Vernon Supp. 2009).  There is no reason
to believe that the jury lowered its standard beneath that of reasonable doubt.

Based on
the appropriate harm standard and taking all of the above-mentioned factors
into account, it does not appear that the omission of the instruction affected
the very basis of the case, deprived Appellant of a valuable right, or unduly
affected a defensive theory.  Because we
conclude that there is no egregious harm, we overrule Appellant=s first
issue.

VI.  Conclusion

Having
overruled each of Appellant=s three
issues, we affirm the trial court=s
judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 12, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]Section two of Article
38.37 states:

 

Notwithstanding Rules 404
and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged
offense shall be admitted for its bearing on relevant matters, including:

 

(1) the state of mind of
the defendant and the child; and

 

(2) the
previous and subsequent relationship between the defendant and the child.

 

Id.